[Crim. No. 1104. First Appellate District, Division Two.—December 17, 1924.]

THE PEOPLE, Respondent, v. JOHN MARTIN, Appellant.

[1] CRIMINAL LAW—STATE POISON ACT—ARTICLES TAKEN WITHOUT SEARCH-WARRANT—EVIDENCE.—In a prosecution for a violation of the State Poison Act, the trial court does not err in refusing to suppress evidence consisting of properties taken from the defendant, at or about the time of his arrest, by certain officers who had not thereunto been duly authorized by virtue of a search-warrant first had and obtained.

[2] ID. — MOTION TO SET ASIDE INFORMATION — RULING — APPEAL — WAIVER.—Upon appeal from the judgment of conviction in such a prosecution, the statement of the trial court (during the course of the hearings upon defendant's motion to set aside the information) that said motion was granted, followed by the oral announcement by the district attorney that the People appealed, will not be held to have deprived the trial court of further jurisdiction in the case, where it is apparent from the record of the further proceedings in the case that such announcement by the court was not intended to be a final disposition of the motion and, furthermore, that the district attorney waived and intended to waive his oral notice of appeal, and that such course was known to and accepted by the defendant, who thereafter argued the motion further on questions of law and on questions of fact and introduced additional affidavits in support of the motion, which was ultimately denied.

---

1. Right to search person and habitation of one under arrest, note, 2 Ann. Cas. 354. See, also, 2 R. C. L. 25 et seq.

[3] ID.—HEARING ON DEMURRER—ABSENCE OF DEFENDANT—CONTINU-
ANCE.—In such a prosecution, where on the date set for the
hearing of defendant's demurrer he is not present in court, he
cannot complain of the action of the trial court in continuing
the demurrer to a later date, and thereafter from time to time,
during all of which times the defendant was a fugitive from
justice.

[4] ID.—FORFEITURE OF BAIL FOR NONAPPEARANCE—REVIEW ON AP-
PEAL FROM JUDGMENT.—The error, if any, of the trial court in
ordering defendant's bail forfeited for nonappearance cannot be
reviewed on an appeal from the judgment of conviction or on ap-
peal from the order denying defendant's motion for a new trial.

[5] ID.—FORMER ACQUITTAL—EVIDENCE—INSTRUCTIONS.—In a prosecu-
tion for a violation of the State Poison Act, under an informa-
tion which pleads two prior convictions, where the defendant
enters a plea of not guilty, of former jeopardy, of former ac-
quittal, and former conviction of the same offense, but there is no
evidence showing, or tending to show, that he ever had a former
acquittal of the charge on trial, it is not error for the trial
court to refuse to instruct the jury on the matter of the plea of
former acquittal, pursuant to defendant's request for such an instruc-
tion made after the evidence had been closed and after the trial
court had finished instructing the jury.

[6] ID.—MOTION TO DISMISS UNDER SECTION 1385, PENAL CODE—
DISCRETION.—The action of the trial court on a motion to dismiss
under section 1385 of the Penal Code is discretionary; and in
this prosecution for a violation of the State Poison Act, the
appellate court could not say that the trial court abused its dis-
cretion in refusing to grant the motion of defendant's counsel to
dismiss the action under said section.

[7] ID. — JURY PANEL — ABSENCE OF NAMES FROM BOX — LACK OF
PREJUDICE.—In this prosecution for a violation of the State Poison
Act, in which the trial court proceeded and the clerk drew out
twelve names and the trial proceeded, notwithstanding the names
of all the jurors on the panel were not in the box when the
case was called for trial and defendant's counsel stated that he
would ask "that all the list of the jurors be in the box before
any name is called for any juror," the defendant did not show
any fact on appeal showing any error, or that the error, if any,
was prejudicial.

[8] ID.—INSTRUCTIONS—ERROR—INSUFFICIENT PRESENTATION. — Where
the giving or the refusal to give certain instructions is assigned

3.   Necessity for presence of accused at trial, notes, 29 Am. Dec.
629; 68 Am. Dec. 219.

Waiver by accused of right to be present at felony charge, notes,
Ann. Cas. 1913C, 1146; Ann. Cas. 1918E, 375. See, also, 8 R. C. L.
94; 7 Cal. Jur. 928.

as error, but such assignment is not supported by either argument or authority, the appellate court will deem the matter as of not sufficient importance to merit notice in an opinion.

(1) 16 C. J., p. 567, n. 5 New, n. 96, p. 570; n. 90; 35 Cyc., p. 1268, n. 32 New.    (2) 17 C. J., p. 48, n. 26.    (3) 17 C. J., p. 209, n. 85. (4) 17 C. J., p. 206, n. 40 New, n. 43.    (5) 16 C. J., p. 1043, n. 36, p. 1062, n. 68 New.    (6) 16 C. J., p. 939, n. 28 New; 17 C. J., p. 236, n. 95.    (7) 17 C. J., p. 290, n. 21.    (8) 17 C. J., p. 212, n. 18, p. 213, n. 27.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Harold Louderback, Judge. Affirmed.

The facts are stated in the opinion of the court.

Raine Ewell for Appellant.

U. S. Webb, Attorney-General, and Wm. F. Cleary, Deputy Attorney-General, for Respondent.

STURTEVANT, J.—The defendant was convicted of a felony, to wit, the violation of an act to regulate the sale of poisons in the state of California. He made a motion for a new trial, the motion was denied, and he has appealed from the judgment and order.

The information was filed on the twenty-first day of March, A. D. 1921. On the 22d of April, 1921, the defendant filed affidavits and therein asked for an order setting aside the information and an order restoring to him certain things claimed to be his property. In the affidavits the defendant set forth certain facts tending to support the claim that about the time of his arrest the properties mentioned were taken from him by certain officers who had not thereunto been duly authorized by virtue of a search-warrant first had and obtained. Having asserted such facts the defendant thereupon based the claim that his constitutional rights had been invaded, that he had not been legally committed by a magistrate and that the articles of property could not legally be used against him in evidence on the trial of the case in the superior court. In his brief the appellant treats the whole matter under points 1, 2, 3, 4, and 5. His attack raises a question as to a rule of evidence and, secondly, a question as to a rule of practice. [1] As to the properties

70 Cal. App.—18

being used in evidence against the defendant the question is no longer an open one in the state of California. In the case of *People* v. *Mayen*, 188 Cal. 237 [205 Pac. 441], commencing at page 251, the court said: "The right of one whose goods have been unlawfully seized to recover their possession, and that irrespective of its effect in depriving the state of their use in evidence, is not disputed, but the contention, which we think is maintained by the great weight of authority, is that the proceeding for such recovery is independent of the criminal proceeding in which it is sought to use such articles as evidence. Even conceding the right to demand such recovery by motion before the court in which such criminal action is pending, as is apparently the rule in the federal courts and as recognized in some of the state decisions (*People* v. *Kinney*, 185 N. Y. Supp. 645; *State* v. *Peterson*, 27 Wyo. 185 [13 A. L. R. 1284, 194 Pac. 342]), upon what theory can it be held that such proceeding is an incident of the trial, in such a sense that the ruling thereon goes up on appeal as part of the record and subject to review by the appellate court? It seems to us rather an independent proceeding to enforce a civil right in no way involved in the criminal case. The right of the defendant is not to exclude the incriminating documents from evidence, but to recover the possession of articles which were wrongfully taken from him. That right exists entirely apart from any proposed use of the property by the state or its agents." It seems clear, therefore, that the trial court did not err in refusing to suppress the evidence.

[2] When the motion was made it was presented in part and then numerous other hearings were had and numerous continuances were had. With much patience the trial court listened to argument from both sides and allowed both counsel the privilege at different times of introducing affidavits to the end that the respective contentions of the parties should be fully before the court. At one time, May 18, 1921, the trial court made a statement to the effect that the motion was granted and thereafter the district attorney stated in open court that the People appealed. The appellant now contends that, from the moment the district attorney stated in open court that the People appealed, the trial court lost all jurisdiction to further consider the motion to set aside the information. These matters, however, must be considered in the light of the whole record and there is an

abundance of evidence in the record to show that the announcement made by the trial court was not by that court intended to be a final disposition of the motion, and, furthermore, that the district attorney waived and intended to waive his oral notice of appeal, and that such course was known to and accepted by the defendant. True it is that at certain times the defendant asserted his contention in the trial court in the same way that he has asserted it in this court. True it is that the district attorney did not formally state that his notice of appeal was inadvertently given, nor attempt, except in the manner hereinafter stated, to withdraw the same, but it is equally true that without any reservation of rights on the part of either of the litigants they proceeded to argue the motion on questions of law and on questions of fact and continued to do so on various days until the fourth day of June, 1921, at which time the trial court made a formal order vacating the order theretofore made by it setting aside the information. As stated, the oral notice of appeal was given on May 18th, but on May 20th the appellant served and filed additional affidavits and on that date and on other dates the defendant's attorney did, without objection on his part, appear in the trial court and argue *in extenso* the merits of his principal motion.

[3] The defendant filed a demurrer. It was set for hearing August 23, 1921. On the date last mentioned the defendant was not present in court and the trial court ordered a bench-warrant issued to bring him before the court. At the same time the hearing on the demurrer was continued to August 27, 1921. Thereafter the hearing was again continued from time to time. During all those times the defendant was a fugitive from justice. He now complains of the continuances as errors. The point is without merit.

[4] On September 6th, the defendant not having appeared in person, the court ordered defendant's bail forfeited. The appellant assigns the order as an error. Whether it was or not, the error was in regard to matters not involved in the case on trial in such a manner as to be an error that can be reviewed on an appeal from a judgment of conviction, or the defendant's appeal from the motion denying him a new trial.

[5] The information pleaded two prior convictions. The appellant does not point out to us that the pleading in any way violated section 969 of the Penal Code. An examina-

tion of the information does not disclose that the provisions of that section were not followed. We think the pleading was not defective.

The defendant entered a plea of not guilty, of former jeopardy, of former acquittal, and of former conviction of the same offense. After the evidence has been closed, and after the trial court had finished instructing the jury, the defendant's attorney asked the trial court to give an instruction on the matter of the plea of former acquittal. The court did not do so and its refusal is assigned as error. However, counsel does not call to our attention any evidence showing, or tending to show, that he ever had a former acquittal of the charge on trial.

[6] On October 23, 1922, the defendant's counsel made a motion to dismiss the action under section 1385 of the Penal Code and in support of the motion counsel tendered and read in evidence his own affidavit. The court denied the motion. The action of the trial court on such a motion is discretionary. Nothing is shown to us indicating that in this particular case the trial court abused its discretion in refusing to grant the motion.

[7] When the case was called for trial the names of all the jurors on the panel were not in the jury-box. No challenge to the panel was interposed, but just before the names were drawn out of the box the attorney for the appellant, in open court, stated that he would ask "that all the list of the jurors be in the box before any name is called of any juror, . . . " Notwithstanding that remark the trial court proceeded and the clerk drew out twelve names and the trial proceeded. The defendant has shown no authority sustaining the practice followed by him, neither has he shown any fact showing any error, or that the error, if any, was prejudicial.

[8] The defendant asked and the trial court refused to give certain instructions. Those rulings are covered by points, 17, 18, 19, 20, 21, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, and 33. Each and every one of the instructions so referred to and so refused was fully and completely covered by other instructions given by the court. Excepting to assign such refusals as error, the defendant has not in any way shown or attempted to show any error on the part of the trial court in refusing to give any one of said instructions.

Under points 34, 35, and 36 the defendant assigns the giving of certain instructions as error. However, he does not point out in what respect any of the instructions was erroneous, nor does he give, or attempt to give, any authority supporting him on these assignments. His mode of treatment in briefing is identically the same as in his attack on the order refusing his motion for a new trial. If counsel is unable to locate the error he need not expect the court to do so for his client. In *People* v. *McLean*, 135 Cal. 306, at page 309 [67 Pac. 770, 771], the court said: "It is due to this court from the members of the bar to point out clearly and concisely the rulings complained of as erroneous and the reasons why they are so, with reference to authorities, if any. In case counsel will not take the trouble to do so, we shall deem the matter as of not sufficient importance to merit notice in an opinion. (*People* v. *Woon Tuck Wo*, 120 Cal. 297 [52 Pac. 833].)"

We find no error in the record. The judgment and order are both affirmed.

Langdon, P. J., and Nourse, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 12, 1925.

All the Justices concurred.