[Crim. No. 5146. Second Dist., Div. Two. May 11, 1954.]

THE PEOPLE, Respondent, v. JOHN KISS, Appellant.

Richard E. Erwin for Appellant.

Edmund G. Brown, Attorney General, and Martin M. Ostrow, Deputy Attorney General, for Respondent.

MOORE, P. J.—Defendant appeals from a conviction of violating section 501 of the Vehicle Code. The information accused him of driving an automobile while under the influence of intoxicating liquor and in an unlawful manner proximately causing bodily injury to one George Collier. Such crime is a felony. But at the conclusion of the trial, proceedings were suspended and the accused was granted

probation for a period of three years subject to prescribed conditions. The appeal is "from the judgment and sentence, and from the order denying defendant's motion for a new trial." The judgment is an order granting probation. (Pen. Code, § 1237.) The sentence is nonappealable.

### The Evidence Is Sufficient

The unfortunate event occurred in the nighttime on a public boulevard of Los Angeles. As Collier was driving northerly on the east side of the street, and four feet from the center, he stopped when he saw appellant approaching, but was crushed by the latter's car. He suffered injury to his chest and a compound fracture of his left knee which required the surgical removal of half of his kneecap.

That appellant was drunk was established by a cloud of witnesses. Officer Ogg of the Accident Investigation Division of the Los Angeles Police Department testified that he took measurements at the scene of the accident. He found the point of impact was about five feet east of the center line. The witness Sichler driving behind Collier saw appellant coming southward, cross over into the northbound lane and collide with the Collier car. Officer Barone testified that he had followed appellant going at 30 miles per hour for half a mile; saw him speed up and waver from the west side to the east side; drift over the center two or three times and once to the easterly curb, and finally collide head-on with the Collier vehicle, while the latter was four feet east of the center line.

That appellant was under the influence of intoxicating liquor was proved by scientific as well as nonexpert evidence. Miss Sichler tried to talk to him. He was incoherent. Officer Barone conversed with appellant after the collision. His speech was thick and the officer's opinion was that he was drunk. Officer Ogg talked with appellant at the hospital forty-five minutes after the collision, found his breath strongly alcoholic, his eyes bloodshot, and his speech slurred. He told the officer that he had consumed two bottles of beer; that he was not driving on the wrong side of the street at the time he collided, but Collier was; that he could not walk a line because he had been hurt.

The officer applied the intoximeter test to appellant by having him blow into a balloon and sealing it at 12:30 a. m. when he told the officer that he had drunk nothing after the accident. The witness Geraldine Lambert is a forensic chemist. She testified that it can be determined from the contents

of a balloon used in making the intoximeter test whether a person thereby tested is under the influence of intoxicating liquors; that her analysis of the sample taken from appellant revealed a 20 per cent "blood alcohol concentration" and that such amount of alcohol in the body of a person causes him to be definitely under the influence of alcohol. It was her opinion that if the test shows 20 per cent blood-alcohol concentration an hour and 45 minutes after an accident, and the person tested had taken in no alcohol in the meantime, then, at the time of the accident, the amount of alcohol in his blood was about 22 per cent. It was her opinion that the intoximeter test showed appellant had consumed at least eight glasses of beer.

Appellant testified that he had been struck by an officer in the face and stomach before the intoximeter test; that he submitted to the test because he was afraid he would be again beaten by the officers. Officer Ogg testified that appellant had made no complaint to him of having been mistreated by anyone. The testimony of the forensic chemist was enough to prove appellant's being under the influence of intoxicating liquor, but if such testimony were stricken the testimony of the other witnesses would support the verdict as to appellant's intoxication.

But appellant's guilt was not merely as to his intoxication. It was necessary to prove and it was proved that he did an unlawful act besides driving while intoxicated. He drove upon the left side of the main portion of the highway instead of keeping to the right of its center. Also, he drove in an erratic manner. Finally, by reason of such unlawful behavior, he caused bodily injury to Mr. Collier. He was therefore guilty of violating section 501, *supra*. (*In re Ryan*, 61 Cal.App.2d 310, 313 [142 P.2d 769].)

#### No Prejudice Caused by Rulings on Admissibility

Appellant contends that he was prejudiced by the court's overruling his objection to the introduction of the intoximeter test; that after an argument an officer struck him and left a bruise on his stomach; that he submitted to the intoximeter test by reason of his fear of other punishment. While Officer Ogg contradicted appellant's testimony and proved that appellant was cooperative in taking the test, and the jury evidently believed him, the testimony supporting the judgment must be accepted here as it was by the trial court. (*People* v. *Frederick*, 109 Cal.App.2d 897, 901 [241 P.2d 1039].)

But conceding that violence was applied to appellant to induce his cooperation in taking the test, its results are nonetheless lawful and admissible. (*People* v. *Gonzales,* 20 Cal.2d 165, 169 [124 P.2d 44].) Such evidence though illegally obtained from the premises or the person of an accused is admissible against him. (*In re Polizzotto,* 188 Cal. 410, 411 [205 P. 676]; *People* v. *Oreck,* 74 Cal.App.2d 215, 217 [168 P.2d 186]; *People* v. *Martin,* 70 Cal.App. 271, 273 [233 P. 85].) Due process as guaranteed by the Fourteenth Amendment does not inhibit the admission of illegally obtained evidence in state courts. (*Wolf* v. *Colorado,* 338 U.S. 25, 33 [69 S.Ct. 1359, 93 L.Ed. 1782].) Such is the policy of this state which cannot be altered by the highest federal court. (*Wolf* v. *Colorado, supra.*) The taking of evidence from one suspected of crime is not in itself unlawful. It will be excluded only where the accused is by threats and punishment so terrorized into submission that to admit it would be a mockery and a pretense of a trial. (*Rochin* v. *California,* 342 U.S. 165, 173 [72 S.Ct. 205, 96 L.Ed. 183, 25 A.L.R.2d 1396]; *People* v. *Kendall,* 111 Cal.App.2d 204, 215 [244 P.2d 418].) No such conduct is found to have preceded the intoximeter test of appellant.

The results of the test for drunkenness were received to prove the inebriated condition of appellant, one of the factors of his guilt. It had no part in proving that Mr. Collier was seriously injured; that appellant drove on the wrong side of the street and collided head-on with the automobile of another. Before the intoximeter test had been disclosed to the jury, the testimony of the several witnesses already recited had established that appellant was under the influence of intoxicating liquor. That he was guilty as charged was faithfully proved. (*People* v. *Dawes,* 37 Cal.App.2d 44, 48 [98 P.2d 787].)

But appellant sought to prove that in driving on the left side of the "mainly traveled portion of the street"* at the point of the collision, he did as is the custom of motorists in rounding the curve in the street. Custom of motorists or of any other class of citizens is no excuse for violating the law. (*Mehollin* v. *Ysuchiyama,* 11 Cal.2d 53, 57 [77 P.2d 855]; *Reinders* v. *Olsen,* 60 Cal.App. 764, 771 [214 P. 268].) A custom of negligence does not excuse it in anyone. (*County of Alameda* v. *Tieslau,* 44 Cal.App. 332, 339 [186 P. 398];

---

*Refers to the paved section. (*Silvey* v. *Harm,* 120 Cal.App. 561, 568 [8 P.2d 570].)

*Phoenix Assur. Co.* v. *Texas Holding Co.*, 81 Cal.App. 61, 75 [252 P. 1082].)

INSTRUCTIONS

 Appellant assigns as error the court's reading to the jury section 525, subdivision (a), of the Vehicle Code.† While such section is evidently intended to apply to motorists traveling in the same direction, it is not error to read it where they were going in opposite directions. (*Crooks* v. *White,* 107 Cal. App. 304, 312 [290 P. 497]; *Neilson* v. *Walker,* 105 Cal.App. 23, 27 [286 P. 1091]. See *Morrison* v. *Jose,* 57 Cal.App.2d 795, 801 [135 P.2d 586].) Even if it were error to read section 525 to the jury, it was cured by the reading of section 527, subdivision (a), which requires cars proceeding in opposite directions to "pass each other to the right" and "each driver shall give to the other at least one half of the main traveled portion of the roadway whenever possible." (*Bennett* v. *Chandler,* 52 Cal.App.2d 255, 263 [126 P.2d 173].)

 Appellant requested the court to instruct the jury that to justify a conviction they "must find the intoxicating liquor had so far affected his nervous system, brain and muscles as to impair to an appreciable degree his ability to operate the vehicle in a manner like that of an ordinarily prudent and cautious man in the full possession of his faculties, using reasonable care and under like condition." Instead of complying with such request the court gave CALJIC 971 which appropriately covered the facts proved.*

 Appellant's complaint that the court erred in not directing the jury to disregard the testimony of the police

---

†Vehicle Code, section 525, subdivision (a). Upon all roadways of sufficient width a vehicle shall be driven upon the right half of the roadway, except as follows:

(1) When overtaking and passing another vehicle proceeding in the same direction under the rules governing such movement.

(2) When placing a vehicle in a lawful position for, and when such vehicle is lawfully making a left turn.

(3) When the right half of a roadway is closed to traffic while under construction or repair.

(4) Upon a roadway designated and signposted for one-way traffic.

*California Jury Instructions, Criminal. 971. "To constitute a violation of section 501 of the Vehicle Code, it is not necessary that the driver be 'drunk' or 'intoxicated,' as the section merely provides that such driver shall be 'under the influence of intoxicating liquor.' If intoxicating liquor has so far affected his nervous system, brain or muscles as to impair to an appreciable degree his ability to operate the vehicle in a manner like that of an ordinarily prudent and cautious man in the full possession of his faculties, using reasonable care and under like conditions, then such driver is under the influence of intoxicating liquor within the meaning of the statute."

144

chemist is rejected. Admissibility of proof is for the court to determine. Having been wisely received when offered, her testimony belonged in the record throughout the trial and until submission. For reasons heretofore given, the court's rulings with reference to the forensic chemist's testimony were sound. (*People* v. *Tucker*, 88 Cal.App.2d 333, 339 [198 P.2d 941].)

The appeal from the sentence is dismissed.

The judgment and order are and each is affirmed.

McComb, J., and Fox, J., concurred.