[Crim. No. 2767.   Third Dist.   Oct. 14, 1957.]

THE PEOPLE, Respondent, v. HENRY LLOYD WESTWOOD, Appellant.

Arthur E. Eissinger, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and J. M. Sanderson, Deputy Attorney General, for Respondent.

PEEK, J.—By an information defendant was charged in Count I thereof with the crime of violating section 501 of the Vehicle Code, a felony, and in Count II he was charged with a violation of subdivision 3(a) of section 192 of the Penal Code, a felony, in that he killed one Eddie McClure while driving an automobile with gross negligence. Defendant entered a plea of not guilty as to both counts. At the conclusion of the trial the jury found defendant guilty as charged and he was sentenced on each count to the state prison for the term prescribed by law, the sentence on Count II to run concurrently with that on Count I. Thereafter the defendant, in propria persona, noticed an appeal from this judgment.

Upon defendant's request Mr. Arthur E. Eissinger was appointed by this court to represent him on appeal. Mr. Eissinger has reported to the court that he made a complete review of the record and found no grounds for reversal of

the judgment. However, by a letter to the court, defendant contends that in a former trial he was found "Not Guilty" by a jury of the offenses charged. In view of this situation this court has made an independent study of the entire record. We conclude that there is no merit in the appeal.

The record shows that the accident in question occurred shortly before 7:40 p. m. on December 18, 1956, when an automobile being driven west on Tuolumne Boulevard in Stanislaus County by the defendant left the boulevard west of Neece Road and hit a tree. A "reflectorized" sign for westbound traffic indicating a curve and directing traffic to "slow to 25 miles per hour" was located just west of Neece Road. A few feet further west the speed was posted at 25 miles an hour. There was evidence of marks where the automobile left the road at the curve. An eyewitness estimated the speed of the automobile at between 75 and 90 miles an hour. Immediately thereafter this witness and an officer who had arrived at the scene of the accident found two men in the front of the automobile, the defendant and Eddie McClure who was dead. When defendant was interrogated by the officer at the hospital he said the automobile was his and that he was driving it. Defendant consented to having a blood sample taken after being informed by the officer that it would be used for an alcohol test. At the request of the officer a blood sample was extracted from defendant by Doctor Defren and this sample was found to have an alcohol content of .25 per cent. In the opinion of the officer and the doctor, defendant was under the influence of intoxicating liquor.

The elements of the crime charged in Count I of the information are that the defendant while (1) under the influence of intoxicating liquor (2) committed an act forbidden by law, or neglected some duty imposed by law, and (3) as the proximate result of such conduct, bodily injury was suffered by someone. All of the enumerated elements of the offense are amply supported by the evidence as previously summarized: (1) The defendant's admission that he drove the car; (2) the testimony of the doctor and the police officer that defendant was intoxicated; and (3) the fact that McClure was killed when the car driven at an excessive rate of speed by the defendant, who was then intoxicated, went off the road and hit a tree. (*People* v. *Kiss*, 125 Cal.App.2d 138 [269 P.2d 924].)

Such evidence is likewise amply sufficient to sustain the second count, that defendant, while under the influence of

intoxicating liquor, drove his car at an excessive rate of speed resulting in the death of McClure. (*People* v. *Freeman,* 16 Cal.App.2d 101 [60 P.2d 333].)

The apparent basis for the contention made by defendant in his letter to the court is that he had been tried previously for the same offense for which he is now incarcerated and that he was found "Not Guilty." We find nothing in the record to sustain the quoted portion of his statement. The transcript discloses that at the conclusion of the first trial the jury was unable to agree and the court finding that there was no reasonable probability that the jury could agree upon a verdict, discharged the jury for the reason stated. ■ The plea of once in jeopardy is a personal privilege to be set up by the defendant in the trial court and may be waived or not in a subsequent proceeding in that court. (*People* v. *Arnarez,* 68 Cal.App. 645 [230 P. 193].) ■ In the absence of any showing to the contrary, we assume that the jury in the first trial was properly discharged, and hence the defendant was not entitled to a plea of former jeopardy in his subsequent prosecution for the same offenses. (*People* v. *Greene,* 100 Cal. 140 [34 P. 630].) ■ The situation at the commencement of the second trial was the same as if there had been no trial at all. (*People* v. *Messerly,* 46 Cal.App.2d 718 [116 P.2d 781].)

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.