[Crim. No. 6247.   Second Dist., Div. Three.   Dec. 1, 1958.]

THE PEOPLE, Respondent, v. ROBERT JAMES BAXTER, Appellant.

John H. Marshall for Appellant.

Edmund G. Brown, Attorney General, and Norman H. Sokolow, Deputy Attorney General, for Respondent.

SHINN, P. J.—In a court trial, Robert James Baxter was convicted of violating Vehicle Code, section 501. He appeals from the judgment and the denial of his motion for new trial.

At 3 a.m. on August 1, 1957, Rosemary Boots was driving north on Sepulveda Boulevard in El Segundo. A southbound car driven by Baxter crossed over the double line and struck the Boots' car head-on, damaging both vehicles and causing severe injuries to Mrs. Boots, who suffered a broken leg and 10 broken ribs.

Officers Whitley and Cascio of the El Segundo police arrived at the scene a few minutes after the accident. The officers assisted Baxter from his car to the curb. Upon searching the car, they found some coke bottles and two bottles of liquor, one of which was broken and the other intact. The officers testified that appellant's breath smelled of alcohol, his eyes were flushed and his speech was incoherent. He staggered and swayed when they helped him walk from his car to the curb and from the curb to the police car. In the officers' opinion, Baxter was under the influence of intoxicating liquor.

Appellant and Mrs. Boots were taken to the office of a Dr. Frank Lowe, who examined them. Baxter was then taken to the police station. Andrew DeJong, a police officer, gave Baxter a sobriety test at the station shortly after 4 a.m.; he did not give appellant a blood test or an intoximeter test. DeJong testified that Baxter's breath smelled of alcohol, his eyes reacted poorly to light, his speech was slurred, he did not understand questions put to him and his balance was poor. In DeJong's opinion, appellant was under the influence of liquor.

When asked by the officers whether he was hurt, Baxter at first said nothing but later complained of a slight pain in his right arm. Upon being asked by DeJong what had happened, appellant answered that he had consumed three or four bourbons at a hotel in Santa Monica during the evening; that he was on his way home when the accident occurred and that he "must have dozed off to sleep, and the next thing he noted, he was applying the brake just a fraction of a second before the impact." He also told DeJong that he was suffering from a heart condition and had taken some dexedrine at about 8 p.m.

As we have said, appellant was examined by Dr. Frank Lowe before being driven to the police station. Dr. Lowe,

called as a witness for the defense, testified that he examined Baxter briefly in order to determine whether he had been injured in the accident. He observed Baxter for a period of about 10 minutes. He detected a slight odor of alcohol on appellant's breath but noticed nothing unusual about appellant's eyes, speech or manner of walking. Dr. Lowe testified that he did not form an opinion as to appellant's sobriety. He observed that appellant was nervous and his blood pressure was higher than normal. In Lowe's opinion, the blood pressure of a person in a state of shock is usually lower than normal whereas the consumption of a good deal of alcohol usually raises the blood pressure. Lowe also gave his opinion that dexedrine is unlikely to cause a person to lose consciousness.

Baxter testified that he suffered from heart palpitations and overweight and took dexedrine, quinidin and equanil on his physician's orders. He had no breakfast or lunch on July 31st but took his "normal routine" of pills. He ate a ham sandwich about 5 p.m. He drank three "normal" bourbon and sodas during the evening, the last one between 1:30 and 2 a.m. at the Miramar Hotel in Santa Monica, after which he took some more pills. He denied having been intoxicated. After leaving the hotel he drove south on Sepulveda past the International Airport; the next thing he recalled was putting on his brakes just before the collision. He did not know why he passed out. He was nervous and nauseated after the collision and his legs hurt him. Appellant admitted purchasing a half-pint of liquor about a week prior to the accident but denied opening it before the accident.

The sole contention presented on the appeal is insufficiency of the evidence to sustain the conviction.

◼ In order to establish a violation of Vehicle Code, section 501, it must be shown that the accused drove a vehicle on a public highway while under the influence of intoxicating liquor, that, in so driving, he committed an act forbidden by law or neglected a duty imposed by law, and that said act or neglect was a proximate cause of bodily injury to some person. (*People* v. *Campbell*, 162 Cal.App.2d 776, 782 [329 P. 2d 82].)

◼ The evidence was clearly sufficient to establish a violation of the statute. Appellant's car crossed the center line of the highway and collided with the car operated by Mrs. Boots; this constituted a violation of law in the driving of his vehicle which was the proximate cause of bodily injury. (Veh. Code,

§ 527a; *People* v. *Kiss*, 125 Cal.App.2d 138, 141 [269 P.2d 924].) ■ The question whether appellant was driving while under the influence of intoxicating liquor was one of fact. (*People* v. *Markham*, 153 Cal.App.2d 260, 270-271 [314 P.2d 217].) ■ It was unnecessary for the People to prove that Baxter was drunk; it was only necessary to show that alcohol had appreciably impaired his ability to drive in a prudent manner. (*People* v. *Haeussler*, 41 Cal.2d 252, 261 [260 P.2d 8].) This was sufficiently established by the testimony of the police officers that Baxter exhibited the usual symptoms of intoxication after the accident. (*People* v. *Clark*, 106 Cal.App.2d 271, 279-280 [235 P.2d 56].) The testimony of Dr. Lowe that from his observations of Baxter's appearance and conduct he had no opinion as to Baxter's sobriety created at most a conflict in the evidence, which was resolved against appellant by the court.

The judgment and order appealed from are affirmed.

Wood (Parker), J., and Vallée, J., concurred.