[Crim. No. 9680. Second Dist., Div. Three. Dec. 11, 1964.]

THE PEOPLE, Plaintiff and Respondent, v. RAYMOND FRAZER SMITH, Defendant and Appellant.

Elinor Chandler for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and George J. Roth, Deputy Attorney General, for Plaintiff and Respondent.

FILES, J.—Defendant was charged with a violation of section 476a of the Penal Code in that he issued a $50 check without sufficient funds. The information does not allege that defendant had previously been convicted of any offense. At the commencement of the trial defendant withdrew his prior plea of not guilty and pleaded guilty as charged. The court accepted this plea and ordered a probation report. Although the probation report is not a part of the record on appeal, the remarks of the trial judge indicate that it disclosed that defendant had been convicted before of violat-

ing section 476a. The court thereupon sentenced defendant to state prison.

Defendant appeals on the ground that he was incorrectly sentenced in that the information only charged a misdemeanor. He refers to the proviso contained in subdivision (b) of section 476a* and argues that a felony sentence is improper where the information fails to allege checks totaling more than $50 or a prior conviction.

A question not raised by defendant but present is whether or not the superior court had jurisdiction at all.

Section 5 of article VI of the California Constitution confers upon superior courts original jurisdiction "in all criminal cases amounting to felony, and cases of misdemeanor not otherwise provided for; . . ."

Section 11 of article VI of the California Constitution empowers the Legislature to provide by general law for the jurisdiction of municipal courts and justice courts.

Penal Code, section 1462, provides in part: "Each municipal court shall have jurisdiction in all criminal cases amounting to misdemeanor, where the offense charged was committed within the county in which such municipal court is established except those of which the juvenile court is given jurisdiction and those of which other courts are given exclusive jurisdiction."

█ By reason of this constitutional and statutory arrangement, the superior court has no jurisdiction in misdemeanor cases in a county having a municipal court. █ A person

---

*Penal Code, section 476a, as it read at the time of the offense (May 1963), states in part:

"(a) Any person who for himself or as the agent or representative of another or as an officer of a corporation, wilfully, with intent to defraud, makes or draws or utters or delivers any check, or draft or order upon any bank or depositary, or person, or firm, or corporation, for the payment of money, knowing at the time of such making, drawing, uttering or delivering that the maker or drawer or the corporation has not sufficient funds in, or credit with said bank or depositary, or person, or firm, or corporation, for the payment of such check, draft or order and all other checks, drafts or orders upon such funds then outstanding, in full upon its presentation, although no express representation is made with reference thereto, is punishable by imprisonment in the county jail for not more than one year, or in the state prison for not more than 14 years.

"(b) However, if the total amount of all such checks, drafts, or orders that the defendant is charged with and convicted of making, drawing, or uttering does not exceed fifty dollars ($50), the offense is punishable only by imprisonment in the county jail for not more than one year, except that this subdivision shall not be applicable if the defendant has previously been convicted of a violation of Section 470, 475, or 476 of this code, or of this section of this code. . . ."

convicted in such a case in the superior court is entitled to discharge on habeas corpus. (*In re Application of Luna,* 201 Cal. 405 [257 P. 76].)

Penal Code section 17, provides in part: "A felony is a crime which is punishable with death or by imprisonment in the state prison. Every other crime is a misdemeanor."

The crime referred to in Penal Code, section 476a, is not punishable with death or imprisonment in the state prison if the check does not exceed $50 and the guilty party has not previously been convicted. ■ Thus, applying the test prescribed in Penal Code, section 17, the facts alleged in the information in the present case charge only a misdemeanor and not an offense within the jurisdiction of the superior court.

■ Further confirmation of the legislative intent that violations falling within subdivision (b) of section 476a of the Penal Code be tried as misdemeanor cases is found in Penal Code, section 1425, which defines the jurisdiction of justice courts. In 1957, two years after the Legislature had added subdivision (b) to section 476a, it amended the first sentence of section 1425 to read as follows:

"Justice courts shall have jurisdiction in all criminal cases amounting to misdemeanor only, punishable by fine not exceeding one thousand dollars ($1,000), or imprisonment not exceeding six months, or by both such fine and imprisonment, where the offense charged was committed within the county in which the court is established except those of which other courts are given exclusive jurisdiction; and shall have jurisdiction of cases amounting to misdemeanor under section 270 of the Penal Code, under section 502 of the Vehicle Code, and under subdivision (b) of section 476a of the Penal Code."

In 1963 that sentence was amended to read as follows:

"Justice courts shall have jurisdiction in all criminal cases amounting to misdemeanor only, punishable by fine not exceeding one thousand dollars ($1,000), or imprisonment not exceeding *one year,* or by both such fine and imprisonment, where the offense charged was committed within the county in which the court is established except those of which other courts are given exclusive jurisdiction and except cases arising under Section 272 of the Penal Code."

It thus appears from section 1425 that the Legislature intended from 1957 on that cases within subdivision (b) of section 476a should be within the jurisdiction of justice courts. When the 1963 amendment enlarged the jurisdiction

of the justice courts to include all misdemeanors punishable by imprisonment not exceeding one year, this general language included the violations referred to in subdivision (b) of section 476a. Thus any specific reference to section 476a became surplusage. Its omission in the 1963 revision should not be regarded as having any other significance. *A fortiori,* if the offense is a misdemeanor triable in the justice court, it is also a misdemeanor within the jurisdiction of the municipal court in a county where such a court exists.

The view that the offense referred to in subdivision (b) of section 476a is subject to prosecution only in the municipal or justice courts was adopted in three formal opinions of the Attorney General. (See 26 Ops. Cal. Atty. Gen. 249; 27 Ops. Cal. Atty. Gen. 367; 28 Ops. Cal. Atty. Gen. 105.) The same interpretation was expressed in *People* v. *Kennedy,* 210 Cal.App.2d 599, 601 [26 Cal.Rptr. 696], where this court was required to analyze the section for another purpose.

Nevertheless, the brief filed on behalf of respondent here argues that a different rule should now prevail on two theories.

One hypothesis urged by the respondent is that subdivision (a) of section 476a makes every violation a felony per se, and that subdivision (b) operates only as a command to mitigate punishment under certain circumstances. This theory cannot be reconciled with felony-misdemeanor definitions contained in section 17, nor with the language of the 1957 amendment to section 1425 discussed above.

The second proposition urged by respondent is that the superior court was entitled to take judicial notice of its own records, which showed that the defendant had suffered a prior conviction and that subdivision (b) should not have been applied. Although courts now liberally take notice of former judgments in civil cases (*Flores* v. *Arroyo,* 56 Cal. 2d 492, 496 [15 Cal.Rptr. 87, 364 P.2d 263]), no authority has been cited for the use of this means to augment the jurisdictional allegations of a pleading in a criminal prosecution.

*People* v. *Ibarra,* 60 Cal.2d 460 [34 Cal.Rptr. 863, 386 P.2d 487], supplies a persuasive analogy to the contrary. The issue there was whether the defendant was eligible for a commitment to the Narcotics Rehabilitation Center in lieu of a prison sentence. By statute, persons who had suffered certain prior convictions were ineligible. The trial court found defendant to be ineligible, relying upon a prior conviction which had not been pleaded, but which had been

disclosed in the probation report. There was no statutory requirement that prior convictions be pleaded for this purpose and the Attorney General argued that the trial court could take notice of the prior convictions even though not pleaded. The Supreme Court reversed. The opinion states (at p. 467):

"If an allegation of a prior conviction will bar a defendant from the program, although the trial judge considers him a fit subject for rehabilitative treatment, that allegation should come before the court in a manner affording the defendant adequate opportunity to rebut the allegation. Charging the prior conviction in the information fulfills this requirement, but merely presenting the conviction in a probation report does not."

The rationale of the *Ibarra* opinion seems applicable here. It would be unfair to defendant to charge him under an information which alleges facts constituting only a misdemeanor and then, after a plea of guilty, to confront him with additional facts, which might be subject to dispute, and which if believed by the court would result in punishment for a felony.

The judgment is reversed.

Shinn, P. J., and Ford, J., concurred.