James Jay McINTYRE, Plaintiff-Respondent,

v.

Thomas A. DAVID, Director of Revenue, State of Missouri, Defendant-Appellant.

No. 53178.

Supreme Court of Missouri,

Division No. 2.

Sept. 9, 1968.

D. Lee McMaster, Kansas City, for respondent.

Norman H. Anderson, Atty. Gen., Walter W. Nowotny, Jr., Asst. Atty. Gen., Jefferson City, for appellant.

GEORGE P. ADAMS, Special Judge.

This is an appeal from an order of the Circuit Court of Jackson County, Missouri, wherein defendant-appellant was "permanently enjoined and restrained from enforcing" his order revoking plaintiff-respondent's driving privilege.

At an undisclosed date prior to March 31, 1967, defendant received a notice certified by the Clerk of the Municipal Court, San Diego Judicial District, San Diego, California, that on January 11, 1967, plaintiff had been convicted of violating Section 23102(a), "Sec. 23102—Driving While Under the Influence of Intoxicating Liquor", and had been sentenced to "90 days $250—".

On March 31, 1967, defendant notified plaintiff that his driving privilege had been revoked for 365 days, effective April 17, 1967, based on the assessment of 12 points for an out of state conviction of driving while in an intoxicated condition in violation of a state law.

On April 17, 1967, plaintiff filed a "Petition for Review" in the Jackson County Circuit Court as authorized by Section 302.311 (all constitutional and statutory references, unless otherwise noted, are to V.A.M.S.)

The trial court ordered a temporary reinstatement of plaintiff's license and ordered defendant to show cause why plaintiff's driving privileges should not be "fully reinstated on a permanent basis, or in the alternative why this order should not be made permanent and plaintiff's driving privileges be reinstated on a limited basis".

Upon a hearing defendant offered what the "Supervisor—Operator and Chauffeur License Registration, Department of Revenue" certified were "true and authentic records" of the Department "regarding revocation of driving privilege and records in the name of James Jay McIntyre". The exhibit was apparently admitted in evidence over plaintiff's objection.

Plaintiff offered himself as a witness and testified that on January 8, 1967, he was involved in an accident in San Diego, California; that as the result of the accident he was charged with driving under the influence of intoxicating liquor; that he appeared in the Municipal Court in San Diego; that he entered a plea of guilty to the charge and was convicted; that he was fined "$289.00"; and that he received a suspended sentence.

The trial court's order was dated May 12, 1967. Defendant's motion for new trial was overruled June 23, 1967. The notice of appeal stated that defendant appealed from "the judgment and order entered in this action on the 23rd day of June, 1967".

■ We have jurisdiction because defendant is a "state officer" and "as such is a party" to this action. Article V, Section 3, Missouri Constitution V.A.M.S.; Wilson v. Morris, Mo., 369 S.W.2d 402, 405(1, 2).

■ Plaintiff has filed a motion to dismiss this appeal for the reason that defendant's notice of appeal stated that the appeal was taken from the trial court's action in overruling the motion for a new trial, an unappealable order, rather than the judgment entered on May 12, 1967. While the appeal should have been taken from the judgment rendered May 12th and not from the order overruling the motion for a new trial, Rule 82.04, V.A.M. R., it is quite apparent that defendant seeks a review and reversal of the trial court's action in setting aside defendant's order revoking plaintiff's driving privileges. We shall consider that defendant "intended and in good faith attempted to appeal from a final judgment and that the notice of appeal inadvertently designated the overruling of the motion for new trial instead of the judgment" of the court, "as the order from which the appeal was intended to be taken, and it will be so treated". Triller et al. v. Hellwege, Mo., 374 S.W.2d 104, 105(1).

Plaintiff supports the trial court's action asserting that defendant submitted no "competent evidence" of a conviction of "an offense, which, if committed in Missouri, would warrant suspension" of his license.

When the notice of his conviction in California was offered as one of several "exhibits" attached to the certificate of the Supervisor of the Operator and Chauffer License Registration unit of the Department of Revenue, plaintiff made a "motion" objecting to its consideration because it was "hearsay" and not the "best evidence".

It is difficult to understand whether plaintiff was objecting to its admission because there was no proper showing that it was a part of the files of the Department of Revenue (cf. State v. Ferrara, Mo., 320 S.W.2d 540, 546(3)), or whether his objection was that the purported "notice" was not sufficient as a "notice of a conviction in another state", within the meaning of Section 302.160, and was, therefore, hearsay.

█ It is not necessary to and we, therefore, do not decide whether either objection is valid. First, at the time the exhibit containing the notice was offered, plaintiff's counsel in effect conceded that the notice was the "notice" received by defendant from California, stating, in support of his objection that it was hearsay, "I think that this *is* the notice received or reportedly received by the Department of Internal (sic) Revenue that resulted in the notice of revocation to Mr. McIntyre.", and "This revocation arises out of a municipal court conviction in the State of California last January, and *notice was forwarded*—correct me if I am wrong, sir,—*notice was forwarded* purportedly to the Director of Internal (sic) Revenue, and based on *this* notice of the municipal court in and for the City and County of San Diego the license revocation resulted", and, "the purported notice *forwarded* to the Director of Internal (sic) Revenue * * *". (Emphasis in quotations supplied.) Plaintiff's counsel, by conceding it was the

notice received by defendant and upon which he acted cured any objection that it was not the best evidence.

█ Second, plaintiff later voluntarily took the witness stand and testified that he had, in fact, been convicted of the offense designated in the notice. Plaintiff's own testimony showed that the contents of the notice were true and accurate and cured any objection that it was hearsay. The notice was properly considered by the trial court.

Plaintiff asserts that defendant cannot take advantage of plaintiff's trial testimony "to make his case", and cites Fisher v. Gunn, Mo., 270 S.W.2d 869. He does not point out wherein that case supports his position. We are unable to find that it does.

While the notice does not specifically designate the section violated, 23102(a), as a California state statute there can be no doubt that it is Section 23102(a), West's Annotated California Vehicle Code. The section number of the vehicle code and the offense are identical. The punishment assessed was within the range prescribed by the statute. If there was a San Diego City or County ordinance or law corresponding identically with such section number and subject matter, it would be a most unusual coincidence.

The real contention between the parties is whether plaintiff's California conviction was such a conviction "which, if committed in this state, would result in the assessment of twelve points". Section 302.160. That, in turn, depends on whether it was a conviction of "driving while in an intoxicated condition" in "violation of state law". Secton 302.302, subd. 1(7). If so, defendant properly assessed the twelve points and revoked plaintiff's operating privileges. Sections 302.160 and 302.304(3).

Article 6, Section 5 of the California Constitution (West's Annotated California Codes, Volume 2, 1967 Cumulative Pocket Parts, page 12) directs the division of

counties into Municipal Court districts and authorizes the legislature to provide for the organization and "prescribe the jurisdiction of municipal courts".

Section 1462 of the California Penal Code (West's Annotated California Codes, volume 51, page 46) provides: "Each municipal court shall have jurisdiction in all criminal cases amounting to misdemeanor" (with certain exceptions not relevant here). Application of Joiner, 180 Cal.App.2d 250, 4 Cal.Rptr. 667, 670(4); People v. Smith, 231 Cal.App.2d 140, 41 Cal.Rptr. 661, 662 (1).

Section 23102(a) of the California Vehicle Code (West's Annotated California Codes) entitled "Misdemeanor Drunk Driving", provides: "It is unlawful for any person who is under the influence of intoxicating liquor, * * * to drive a vehicle upon any highway * * *."

■ The violation for which plaintiff was convicted was a "state law" and the "Municipal Court, San Diego Judicial District" had jurisdiction to try and convict plaintiff for the charge of driving a vehicle while "under the influence of intoxicating liquor".

Was plaintiff's conviction, then, one "which, if committed in this state, would result in the assessment of twelve points"?

The words "intoxicated condition" as used in Section 564.440 (and repeated in Section 302.302, subd. 1(7)) have been defined as "the impaired condition of thought and action and the loss of the normal control of one's faculties, caused by imbibing vinous, malt, or spirituous liquors", State v. Reifsteck, 317 Mo. 268, 295 S.W. 741, 742(6); State v. Revard, 341 Mo. 170, 106 S.W.2d 906, 910(14); "that in any manner impairs the ability of a person to operate an automobile", State v. Raines, 333 Mo. 538, 62 S.W.2d 727, 729(9); State v. Campbell, Mo., 292 S.W.2d 297, 299(4).

"Under the influence of intoxicating liquor" as used in said Section 23102(a) of the California Vehicle Code has been defined as having so affected the driver "as to impair, to an appreciable degree, his ability to operate his car", People v. Dingle, 56 Cal.App. 445, 205 P. 705, 706(1); People v. Haeussler, 41 Cal.2d 252, 260 P.2d 8, 13, 14(7); People v. Keith, 184 Cal. App.2d Supp. 884, 7 Cal.Rptr. 613, 615 (2–4); "affect her driving in an appreciable degree", Christensen v. Harmonson, 113 Cal.App.2d 175, 247 P.2d 956, 959(5); "appreciably impaired his ability to drive", People v. Baxter, 165 Cal.App.2d 648, 332 P.2d 334, 336(5).

Plaintiff expresses concern that "under the influence of intoxicating liquor" contemplates something less than "while intoxicated". Instead of less proof of the effect on a driver, California requires a higher degree of impairment than Missouri. Here the use of intoxicating liquor to the extent that it "in *any* manner impairs the ability of a person to operate an automobile" renders a person in an "intoxicated condition". California requires more. It requires that the driver must have been so affected as to "impair, to an *appreciable* degree, his ability to operate his car".

Other jurisdictions have held that the terms "under the influence of liquor", "under the influence of intoxicating liquor", "in an intoxicated condition" and "while intoxicated" as used with reference to the operation of motor vehicles are synonymous. State et al. v. Dudley, 159 La. 872, 106 So. 364, 365(1); Holley v. State, 25 Ala.App. 260, 144 So. 535, 536(1).

■ We think, too, that "under the influence of intoxicating liquor" as used in said Section 23102(a) of the California Vehicle Code is synonymous with "while in an intoxicated condition" as used in Sections 564.440 and 302.302, subd. 1(7). A conviction of an offense under said Section 23102(a) is, therefore, a conviction "which, if committed in this state, would result in the assessment of twelve points", within the meaning of Section 302.160. Under the provisions of Section 302.304(3),

defendant was required to "revoke the operating privileges" of plaintiff.

In addition to his prayer "for a revocation" of defendant's action in revoking his driving privileges, plaintiff sought "in the alternative" a "judgment directing the defendant" to grant limited driving privileges.

■ Of course, defendant-director had no authority to grant limited driving privileges. Such relief could only have been given by a "court of record having jurisdiction", 302.309, Laws 1965, p. 477, section 1; "a court having jurisdiction", Laws 1963, p. 686, section 1.

The cause is reversed and remanded with directions to enter an order revoking plaintiff's license to operate a motor vehicle. (Section 302.311).

FINCH, P. J., and DONNELLY, J., concur.

EAGER, J., not sitting.