[Civ. No. 18573.   Second Dist., Div. Two.   Feb. 29, 1952.]

DON H. BLAIR, Respondent, v. FRANK D. WILLIAMS, Appellant.

S. Ward Sullivan and David Welts for Appellant.

Walter H. Young for Respondent.

McCOMB, J.—Defendant appeals from a judgment in favor of plaintiff after trial before a jury in an action to recover damages for malicious prosecution. There are also purported appeals from (a) the order denying defendant's motion for a mistrial, and (b) the order denying defendant's motion for a new trial.

*Facts:* In May, 1948, defendant signed a criminal complaint charging plaintiff with grand theft. Based on this complaint plaintiff was arrested and subsequently tried and acquitted by a jury.

Thereafter plaintiff filed the present action against defendant for malicious prosecution and a jury returned a verdict in favor of plaintiff in the sum of $20,000 compensatory damages and $15,000 punitive damages.

The court denied defendant's motion for a new trial "provided that plaintiff files written consent that the judgment heretofore entered November 9, 1950 in this action be reduced to the sum of $22,500 on or before the 12th day of January, 1951." Pursuant to said order plaintiff filed his consent to the remission of the judgment from $35,000 to $22,500 and an order was entered denying defendant's motion for a new trial.

■ *Questions:* First: *Was the evidence sufficient to sustain a verdict upon which the judgment was predicated?*

*Yes.* The evidence was undisputed that defendant accused plaintiff of alleged theft of three checks totaling $8,500, an alleged theft of a check for $9,300 and that plaintiff was acquitted of such charges. Plaintiff testified the four checks were complete and regular upon their face naming him as payee at the time they were signed by defendant. He further testified the checks were given to him by defendant as compensation for services which plaintiff had rendered defendant.

This evidence, apparently believed by the jury, constitutes substantial evidence to sustain the jury's verdict. It would serve no useful purpose to detail other corroborative evidence. (*Thatch* v. *Livingston,* 13 Cal.App.2d 202, 203 [56 P.2d 529].) ■ Likewise we must disregard contrary evidence. (*Estate of Isenberg,* 63 Cal.App.2d 214, 217 [146 P.2d 424].)

Second: *Did the trial court commit prejudicial error in failing to give the jury an instruction on the law relative to the effect of a defendant, in a malicious prosecution case, relying upon the advice of counsel in instituting the criminal*

*action upon which the malicious prosecution suit was predicated?*

*No.* ▆ Before alleged error in the refusal to give an instruction will be reviewed on appeal, the record must show, (1) a proper request for such instruction, and (2) the ruling of the trial court refusing to give the requested instruction. (*Alexander* v. *McDonald,* 86 Cal.App.2d 670, 671 [2] [195 P.2d 24]; *Peckham* v. *Warner Bros. Inc.,* 42 Cal.App.2d 187, 189 [2] [108 P.2d 699]. See, also, cases cited in 6 West's Cal. Dig., 1951, Appeal and Error, § 928(4), p. 397.)

In the present case the record fails to disclose either that defendant requested instructions upon the effect ''of advice of counsel'' in a malicious prosecution action, or that the trial court refused to give such instructions. ▆ The burden is upon defendant (appellant) to show that error has been committed in the trial court. Defendant in the present case has not met this duty.

▆ Third: *Did the trial court commit prejudicial error in denying defendant's motion for a mistrial?*

*No.* During the course of the trial one of the jurors claimed that during a recess of court a spectator in the courtroom left at the same time as the jurors and said to juror Hunter, ''I have been following this dumb cluck around and he has lost every one of his cases.''

Defendant claims this constituted jury tampering and the trial judge should have declared a mistrial. It is alleged that two other jurors, Langdon and Kagy heard this remark. Since all three of these jurors voted for defendant it is obvious that prejudice did not result to him from the remark and therefore under the mandate of article VI, section 4½ of the Constitution of the State of California such alleged error must be disregarded.

Fourth: *Did the trial court err in denying defendant's motion for a new trial?*

*No.* Defendant argues that the trial judge indicated he believed plaintiff had not told the truth and the fact that he reduced the judgment as a condition for denying the motion for a new trial supports this conclusion.

▆▆ Such may have been the case, however, it was the duty of the trial judge on the motion for a new trial to reweigh the evidence and determine which portions, if any, of the testimony of witnesses were to be believed and which were not to be believed. Having performed this duty, and

there being substantial evidence to sustain his finding, the trial court's finding is conclusive upon appeal.

The fact that the trial court reduced the amount of the judgment did not require that he grant a motion for a new trial. ■ Where the trial court requires as a condition to its order denying a new trial that a portion of the award be remitted, there is no merit in the claim that the order indicated the trial court was dissatisfied with the verdict upon the facts or on other grounds urged by defendant in support of his motion for a new trial, and that the trial court was in duty bound to grant a new trial irrespective of the amount of the award. (*Whicker* v. *Crescent Auto Co.*, 20 Cal.App.2d 240, 245 [6] [66 P.2d 749]; see, also, *Estate of Duncan*, 9 Cal.2d 207, 217 [70 P.2d 174].)

■ Fifth: *Was plaintiff's attorney guilty of prejudicial misconduct?*

*No.* During the course of the trial plaintiff's attorney offered in evidence a judgment in another action in favor of plaintiff and against defendant for the amount of money which defendant accused plaintiff of stealing. The first time the judgment was offered in the presence of the jury there was no statement as to who was successful or in whose favor the judgment was. The only thing expressed in the presence of the jury was an offer in evidence of the judgment in a specified action. Objection was sustained to the offer. Clearly no prejudice resulted to defendant.

The same condition obtained when the judgment was offered a second time and an objection sustained to its reception in evidence.

Sixth: *Was the trial jury guilty of misconduct?*

*No.* Defendant on the motion for a new trial introduced the affidavits of three jurors who voted in favor of defendant purporting to show misconduct upon the part of the jury in reaching its verdict.

■ It is settled that a verdict may not be impeached by affidavits of jurors as to occurrences after impanelment of a jury except where such affidavits show the verdict was reached by a resort to the determination of chance. (*Mish* v. *Brockus*, 97 Cal.App.2d 770, 776 [218 P.2d 849]; *McWilliams* v. *Los Angeles Transit Lines*, 100 Cal.App.2d 27, 29 [1] [222 P.2d 953]. See, also, cases cited in 43 West's Cal. Dig., 1951, Trial, § 344, p. 36.)

It is evident therefore that there was no competent evidence before the trial court to show misconduct of the jury.

Seventh: *Were the damages awarded plaintiff excessive?*
*No.* ▮▮▮ A jury's verdict will not be set aside upon appeal on the ground that damages are excessive, unless the verdict is so outrageously excessive as to suggest, at first blush, passion, prejudice or corruption. (*Junge* v. *Midland Counties etc. Corp.*, 38 Cal.App.2d 154, 160 [5] [100 P.2d 1073].)

▮▮▮ In the present case the amount of the award does not fall within this category. An examination of the evidence discloses plaintiff's special damages occasioned by the malicious prosecution action amounted to $7,500. In addition it was shown that a peptic ulcer was aggravated to such an extent plaintiff was still suffering from it at the time of the malicious prosecution trial approximately two years after his arrest; and that various newspaper articles appeared in the daily papers of Los Angeles telling of his arrest. The evidence also disclosed plaintiff had held a responsible position at one of the major motion picture studios in Los Angeles. Such evidence clearly sustains the judgment in favor of plaintiff as reduced by the trial court.

(1) The judgment is affirmed;

▮▮▮ (2) The purported appeal from the order denying defendant's motion for a mistrial is dismissed, since such order is nonappealable because it is not listed in appealable orders set forth in section 963 of the Code of Civil Procedure; and

▮▮▮ (3) The purported appeal from the order denying the motion for a new trial is dismissed, since such order is likewise nonappealable. (See cases cited in 6 West's Cal. Dig., 1951, Appeal and Error, § 782, p. 78.)

Moore, P. J., concurred.

Mr. Justice Fox, deeming himself disqualified, did not participate in the foregoing decision.