[Civ. No. 23060.   Second Dist., Div. One.   Dec. 16, 1958.]

SAMUEL MAIDMAN, Appellant, v. METROPOLITAN TRADING COMPANY (a Corporation), Respondent.

David Pick for Appellant.

Hunter & Liljestrom and Kenneth H. Clausen for Respondent.

WHITE, P. J.—Plaintiff appeals from the judgment for defendant in an action for damages for injuries to plaintiff's person caused by his collision with a plateglass door on premises owned by defendant.

On the day of the accident, plaintiff parked his automobile in the parking lot at the rear of defendant's building, paid the attendant, received his ticket, and walked toward the door from the parking lot into the rear of defendant's building, which was occupied by defendant's tenants, who were doctors, dentists, a medical laboratory, and a pharmacy.

Plaintiff had never been to the building before. He asked the parking lot attendant if that door led to the pharmacy. The attendant said that it did, opened the door outward into the lot, and held it open for plaintiff to pass through it into a narrow hall 12 to 16 feet long. At the other end of the hall there was a wooden door with a glass panel which opened into the lobby of the building. (The hall had a slope toward the parking lot of about 4½ inches, uniformly distributed over its entire length. Plaintiff did not notice the slope of the hall while walking through it, but measured it before the trial.) Plaintiff opened the wooden door with the glass panel and entered the lobby. There were other doors leading from the lobby to Wilshire Boulevard, the pharmacy, and the driveway from Wilshire to the parking lot, respectively.

On the day of the accident, plaintiff proceeded through

the lobby into the pharmacy. In addition to its door from the lobby, the pharmacy had a door directly onto Wilshire Boulevard. In the pharmacy, plaintiff talked with several friends and with his son-in-law who was a part owner of the pharmacy. He stayed there about half an hour, made a small purchase, and attempted to leave the building by the same route used by him when entering. He was injured when he collided with the plateglass door between the narrow hall and the parking lot.

The action was tried by the court sitting without a jury and, upon stipulation of counsel, the question of liability was tried first.

Appellant claims that the following errors require reversal: (1) the finding that defendant was not negligent as alleged is not supported by any evidence; (2) the finding that plaintiff was negligent and that his negligence was a contributing cause of his injuries is not supported by the evidence; (3) the exclusion of plaintiff's proffered testimony that he expected the door to open outward when he applied pressure upon it; and (4) the admission of evidence of defendant's custom in regard to the locking of the plateglass door.

It is conceded that up to the time of plaintiff's injury he had never touched the door with which he collided. He had walked through it about 2 o'clock on Saturday afternoon when the door was opened and held outward by the parking lot attendant. About half an hour later, when he attempted to leave by the same door, although it was locked, there was no sign or notice to that effect. Defendant's act and omission of locking the door without giving notice are relied upon by plaintiff as proof of negligence on the part of defendant. Plaintiff urges that said act and omission constitute negligence as a matter of law, and plaintiff further urges that defendant's said act and omission are the proximate cause of plaintiff's injuries.

The issue thus raised is whether it is negligence, under the conditions and circumstances shown by the evidence in the instant action, for the owner of a Medical Building to lock a door leading from it to a parking lot. However, since any negligence of the defendant becomes immaterial if negligence on the part of plaintiff contributed to the injuries complained of by him, we will first consider appellant's second claim of error, his claim that the finding that he was guilty of negligence which contributed to his injuries is without support in the evidence.

Defendant's witness testified that any person looking at the door could not tell whether it was locked or unlocked; that the door was approximately 42 inches wide, 7 feet high, ¾ inch thick, and weighed about 150 pounds. The same witness testified further that any person looking at the door could see that it was equipped with a self-closing mechanism, which is generally known to exert some resistance to the opening of any door so equipped.

Plaintiff was a business invitee at the time of the accident, and as such entitled to protection from injury caused by "latent or concealed dangers." Plaintiff's failure to look out for a danger, if he had no reason to apprehend it, or his being deceived by appearances if they would have deceived an ordinarily prudent person, was not contributory negligence. (*Laird* v. *T. W. Mather, Inc.*, 51 Cal.2d 210, 218 [331 P.2d 617], and cases there cited.)

Plaintiff, himself, was the only witness to his conduct when attempting to leave by the locked plateglass door. A part of his testimony is as follows:

"Q. Will you describe your exit from the pharmacy? A. Yes. I left through the door into the lobby, and opened the first door, which was the wood and glass-paneled door and I think that was. . . . I am not sure whether it had to be manually opened or pushed. I don't recall. But, in any event I went through the door. Then I walked down the aisle there and had my bag of the items I had purchased, held it in my right hand. I noticed the bar on the left side of that door and walked down toward it. And I remember putting my hand on it.

"Q. Which hand was it? A. My left hand ran onto the bar and exerting some pressure on it . . . and the next thing I remember my head struck the glass panel or the glass door, and I immediately felt a very heavy impact on my head. I know I was stunned, didn't know what had happened at the moment of impact. And I shook my head. I recall feeling very weak, and just bracing myself—I shook myself several times, and I noticed blood spattering, and I felt a coolness coming down my head. . . .

. . . . . . . . . . . .

"Q. Did any other part of your body other than your head strike the door? A. Well, I subsequently learned—I didn't notice it at the time or have the sensation of any other part of my body hitting the door except the bridge of my nose and up this way around here. Also I felt a thickness around one

of my lips. But this I discovered after I had gotten to the doctor's office.

"Q. How about your legs; had any part of your . . . A. Yes. The doctor then examined me. I had taken my clothes off; and he told me there was a heavy bruise on my right knee, around the area of my right knee.

.     .     .     .     .     .     .     .     .     .     .

"Q. At what pace were you walking? A. I always walk fast.

"Q. You were walking at your usual fast pace? A. I was walking my usual pace.

"Q. When you came to the door, before you applied pressure on it to open it, did you come to a complete stop or just continue walking? A. If anything, I would say it was a partial stop . . .

"Q. How did you walk; what did you do? A. I gave little note to it, except that I walked in my usual manner . . .

"Q. Were you in any particular hurry at the time you were leaving the pharmacy? A. No, I was not."

Appellant urges that "the Court will take judicial notice that a rear plateglass swinging door is not a door that requires one to stop before opening it. . . . One normally walks up to the door while still in motion, pushes the door open by leaning into it and using his weight and forward motion or momentum to help open the door."

█ Plaintiff had never before been in the building and had never opened the door for himself. It was obviously plateglass and consequently a heavy door. It is generally known that it requires considerable pressure to open a heavy door equipped with a self-closing mechanism. Plaintiff walked toward this door at his usual pace and attempted to walk through it without stopping. He pushed it with his left hand on the bar on the left side of the door and then the bridge of his nose collided with the door. If the door had been unlocked, plaintiff's attempt to go through it in that manner probably would have resulted in injury to his person. A person exercising ordinary prudence does not attempt to open such a door with pressure from one hand only. Nor does he approach a heavy door with his body in such a position of imbalance that any additional pressure needed to open it will be exerted by his nose. As stated by plaintiff in his opening brief, "one normally . . . pushes the door open by leaning into it and using his weight . . . ." Not one's nose and face, but his arms and shoulders

or hips are used by careful persons for the application of additional pressure upon heavy doors.

We are satisfied that the evidence in the instant action does support the finding that plaintiff was negligent and that his negligence was a contributing cause of his alleged injuries. When the facts found can reasonably be inferred from facts in evidence, an appellate court is not authorized to weigh conflicting statements or inferences.

Our decision that the finding of plaintiff's negligence is supported by the evidence, renders it unnecessary to consider the other errors urged by appellant. Where a plaintiff has been negligent and his negligence has contributed to the injuries complained of, a judgment for defendant cannot be reversed because of lack of support for the finding that defendant was free from negligence.

Since the negligence of plaintiff can be inferred from the speed and force with which he approached the door, his failure to stop, and the position of his body when attempting to open the door, and since his injuries could have occurred even if the door had been unlocked, it cannot be held that the court's failure to permit plaintiff to testify that he expected the door to open was prejudicial to plaintiff.

We are of the opinion that the testimony of defendant's witness that the door was usually locked after mopping the back hall, when considered with the balance of the evidence in the instant action, was not prejudicial to plaintiff.

Judgment affirmed.

Fourt, J., and Lillie, J., concurred.