[Civ. No. 23080.   Second Dist., Div. Two.   Mar. 5, 1959.]

LESSIE ANNE KABZENELL, a Minor, etc., Appellant, v. ROBERT R. STEVENS et al., Respondents.

Richard B. Bardwil for Appellant.

Dryden, Harrington, Horgan & Swartz and Vernon G. Foster for Respondents.

FOX, P. J.—Judgment was entered in favor of defendants at the conclusion of a jury trial in which plaintiff sought to

recover damages for personal injuries. She appeals from the judgment.

The parties, in their engrossed settled statement, stipulate to the following facts: "That the accident occurred on August 6, 1954, at about 2:00 P. M., on the Blue Jay Road at Lake Arrowhead, in San Bernardino County, California. That [defendant] Stevens was driving the bus as an employee of the defendant church in the course and scope of his employment; that the minor plaintiff was a passenger on said bus. That when the bus was going around a curve to the right on said mountain road, the outside mirror on the right side of the bus struck something on the side of the road and shattered said mirror."

As a result of the above, plaintiff lost a finger from her right hand. She contends that Stevens was driving at an excessive rate of speed; that in going around the curve in said road Stevens did not blow his horn, scraped the side of the mountain with the bus, and no other vehicle was coming in the opposite direction.

The defendants denied that Stevens acted negligently or that he drove at an excessive speed, and attribute plaintiff's injury to an unavoidable accident "in that the bus operated by Stevens was forced over to the far right side of said roadway by a speeding truck coming in the opposite direction which suddenly and unexpectedly came around the curve partly on the wrong side of the road, and that Stevens maneuvered the bus to the right, striking the right side view mirror against an overhanging tree root, in order to avoid a collision with said truck."

The plaintiff testified that at the time of the accident she was attending Arrowpines Camp, owned and operated by the defendant church. That she, along with some 15 other boys and girls and Mrs. Beverly Jacobus, an adult counsellor, boarded defendant's bus at the Horseback Riding Stables, and that Stevens drove towards Arrowhead Village on Blue Jay Road. She further testified that said Blue Jay Road was a curvy, mountain road; that she was sitting in the front seat on the right hand side of the bus; that the counsellor, Mrs. Jacobus and a girl named Jill Erickson, sat on the seat behind her; that Stevens was driving about 30 to 40 miles per hour; that between the stables and point of impact, she had to hold on to the bus rails at certain times because of the speed of the bus and the curves; that after leaving the stables and driving about one-half mile down Blue Jay Road toward the village,

there was a sharp curve to the right, and suddenly she felt a crash and heard Mrs. Jacobus scream; that she looked down at her hand and saw one of her fingers missing and her hand bleeding; that the driver Stevens did not sound his horn at any time before approaching said curve; that at the curve and point of impact, she saw no other vehicle approaching in the opposite direction, nor did she see any parked cars at or near said curve; that at the point of impact Stevens was driving about 30 miles per hour; that she did not look at the speedometer.

There was testimony by Mrs. Jacobus and Jill Erickson that Stevens was driving in excess of 30 miles per hour. Mrs. Jacobus further testified that Stevens did not sound his horn upon approaching the blind curve. She also testified, along with Jill Erickson and Jane Jacobus, that no other vehicle was approaching from the opposite direction.

Based on defendants' exhibits, Mr. Jones took measurements and found the point of impact to be about 1.1 miles from the stables; that at said point of impact there is a sharp curve to the right; that there is a gravel shoulder on the right side of the roadway about 1½ feet in width; that upon approaching said curve, visibility of the roadway is less than 100 feet; that on the right hand side of the road at the point of impact there were tree-roots about 6 feet 8 inches above the ground which protruded over the right gravel shoulder some 6 inches.

The defendant Stevens testified that said mountain road was curvy and winding; that at no time did he go over 20 miles per hour; that as he approached the point of impact he slowed down to 10 miles per hour; that there is a sharp curve to the right at the point of impact; that as he approached that point he suddenly saw a truck rapidly approaching from the opposite direction; that said truck was one-half on his side of the road and was about the size of a beer stake truck; that he did not see the truck until it was on top of him; that because of the oncoming truck he was forced to make a quick turn to the right onto the shoulder, at which time he heard a crash; that he pulled the bus over to the right and looked back and saw the plaintiff's hand bleeding and that one of her fingers had been cut off; that the only reason to cut to the right onto the shoulder was because of the oncoming truck; that he did not recall sounding his horn at or near the curve where the accident took place; that he could not see around the curve at the point of impact.

Robert Snowdy testified that the gravel shoulder on the

right at the point of impact, based on defendant's theory, is 3 feet; that there are tree-roots at the point of impact approximately 6 feet 4 inches above the surface of the highway and that said roots protruded over the right-hand gravel shoulder about 6 inches.

At plaintiff's request, the jury was instructed on Vehicle Code, section 597, as follows: "The driver of a motor vehicle traveling through defiles or canyons or upon mountain highways shall hold such motor vehicle under control and as near the right hand edge of the highway as is reasonably possible and upon approaching any curve where the view is obstructed within a distance of 200 feet along the highway shall give audible warning with the horn of such motor vehicle."

The jury was further instructed, at plaintiff's request, that "conduct which is in violation of section 597 of the Vehicle Code just read to you constitutes, in itself, negligence. This means that if the evidence supports a finding, and you do find, that a person did so conduct himself, it requires a presumption that he was negligent. However, such presumption is not conclusive. It may be overcome by other evidence showing that under all the circumstances surrounding the event, the conduct in question was excusable, justifiable and such as might reasonably have been expected from a person of ordinary prudence."

As grounds for reversal, plaintiff argues prejudicial error was committed by the trial court's failure to instruct on and define for the jury what constitutes legal justification and excuse for a violation of section 597 of the Vehicle Code. Specifically, the court refused to give the following instructions which plaintiff requested: "In this connection, you may assume that a person of ordinary prudence will reasonably endeavor to obey the law and will do so unless causes, not of his own intended making, induce him, without moral fault, to do otherwise" and "to prove that a violation of a statute, such as that charged in this case, was excusable and justifiable so as to overcome the presumption of negligence, the evidence must support a finding that the violation resulted from causes or things beyond the control of the person charged with the violation."

In *Alarid* v. *Vanier*, 50 Cal.2d 617, 624 [327 P.2d 897], our Supreme Court disapproved the language employed in the above refused instructions. Therefore, the trial court quite properly refused to give these instructions.

In the Alarid case the court stated, at page 624, that

"the correct test is whether the person who has violated a statute has sustained the burden of showing that he did what might reasonably be expected of a person of ordinary prudence, acting under similar circumstances, who desired to comply with the law." As previously noted, the jury was instructed in this regard as follows: "Conduct which is in violation of section 597 of the Vehicle Code just read to you constitutes, in itself, negligence. This means that if the evidence supports a finding, and you do find, that a person did so conduct himself, it requires a presumption that he was negligent. However, such presumption is not conclusive. It may be overcome by other evidence showing that under all the circumstances surrounding the event, the conduct in question was excusable, justifiable and such as might reasonably have been expected from a person of ordinary prudence." We are of the opinion that this instruction, for all practical purposes, substantially embodied the foregoing test from the Alarid case. The failure, therefore, of the trial court to amplify this instruction on its own motion cannot be said to have constituted prejudicial error. When told to test the defendants' conduct by the standard of a reasonably prudent man under similar circumstances it is reasonable to presume that the jury would consider whether or not Stevens desired to comply with the law in evaluating the reasonableness of his conduct, even though not specifically directed to do so.

Next plaintiff complains of the trial court's refusal to instruct on Vehicle Code, sections 694, subdivision (a), and 511, subdivision (a)(3). The record before this court does not show that plaintiff requested the giving of these instructions, nor does it show that they were not given, or that other instructions embracing the same subject matter were not given. Under such circumstances, plaintiff may not complain for it is well settled that " [t]he refusing to give an instruction will not be reviewed by an appellate court unless the record sets forth the requested instruction." (*Thomas* v. *Laguna,* 113 Cal. App.2d 657, 660 [248 P.2d 929].) In *Alexander* v. *McDonald,* 86 Cal.App.2d 670, 671 [195 P.2d 24], this court stated that "[b]efore alleged error in the refusal to give an instruction will be reviewed on appeal, the record must show, (1) a proper request for such instruction, and (2) the ruling of the trial court refusing to give the requested instruction. (Citations.) In the absence of such a record it will be presumed on appeal that the requested instruction

was given." (See also *Blair* v. *Williams,* 109 Cal.App.2d 516, 519 [240 P.2d 1043].)

▇ It should also be noted that the presumption established by rule 52 of Rules on Appeal that a settled statement contains all matters material to review is not available to plaintiff to place the questioned instructions in issue before this court. Rule 7(a) provides in part that "[i]f the condensed statement purports to cover only a portion of the oral proceedings, the appellant shall state the points to be raised by him on appeal, and in such event shall be precluded from presenting any grounds for reversal not embraced within the points stated by him, . . . The appellant in his condensed statement . . . may incorporate any instructions given or refused which such party deems material." Quite obviously, the condensed statement and the engrossed settled statement purport to cover only a portion of the oral proceedings for the matter of the questioned instructions is not covered and, as there is no indication that plaintiff specifically informed anyone that the instructions would be raised on appeal as grounds for reversal, prior to the filing of her opening brief, she is precluded from so arguing now.

▇ Lastly, plaintiff argues that the verdict was wholly unsupported and without substantial evidence and against law. Plaintiff emphasizes the fact that defendants showed no excuse or justification for Stevens' failure to sound his horn. Granting, *arguendo,* that defendants were negligent, it is nevertheless incumbent on plaintiff to show that defendants' negligence was a cause in fact of the injuries suffered by plaintiff. (*Union Inv. Co.* v. *San Francisco Gas etc. Co.,* 168 Cal. 58, 62-63 [141 P. 807] ; *Hill* v. *Matthews Paint Co.,* 149 Cal.App.2d 714, 723 [308 P.2d 865].)

Therefore, proof of justification or excuse would not be crucial unless it was first determined that defendants' negligence was actually a cause of plaintiff's injury. Plaintiff correctly concedes this is ordinarily a question of fact for the jury, but argues that "reasonable men could have drawn but one conclusion from the failure of Stevens to sound his horn as required by law, to wit," plaintiff would not have been injured.

Plaintiff states that "[h]ad the driver sounded his horn as required by law, warning would have been given to vehicles approaching the mountain curve in the opposite direction, and in all probability the truck would not have continued on the wrong side of the road or at least would have been warned of

approaching vehicles in the opposite direction at the mountain curve where the mishap happened.'' The jury, however, could have reasonably concluded that due to the parked cars on the shoulder to the right of the truck it would not have been possible for it to pull over any further. Stevens testified that the truck was ''rapidly approaching'' the bus from the opposite direction. From this testimony the jury might reasonably conclude that even if the bus's horn had been sounded, the truck driver, due to the speed he was traveling, would not have been able to stop the truck in time to avoid forcing Stevens off the road.

The fact that the verdict was rendered in favor of the defendants does not necessarily mean the jury believed defendant's failure to sound his horn was justified or excused, but rather that they believed the cause of the accident was not occasioned by Stevens' failure to sound the bus's horn, and such conclusion is warranted by the record presented to this court. If plaintiff desired to question the sufficiency of the evidence to support this conclusion, the duty was upon her to demonstrate the insufficiency thereof. (*Consolidated Loan Co.* v. *Harman,* 150 Cal.App.2d 488, 494 [310 P.2d 450]; *New* v. *New,* 148 Cal.App.2d 372, 383 [306 P.2d 987].) This she has failed to do. (*Nichols* v. *Mitchell,* 32 Cal.2d 598, 600 [197 P.2d 550].)

The judgment is affirmed.

Ashburn, J., and Herndon, J., concurred.

A petition for a rehearing was denied March 31, 1959, and appellant's petition for a hearing by the Supreme Court was denied April 29, 1959.