[Civ. No. 30459.   Second Dist., Div. One.   June 16, 1967.]

JEANNE HAMANO, a Minor, etc., Plaintiff and Appellant, v. EDWARD EDELSON et al., Defendants and Respondents.

Leon Mayer for Plaintiff and Appellant.

Joseph W. Jarrett, Frank W. Woodhead, Abe Mutchnik, Morgan, Holzhauer, Burrows & Wenzel, Buck, Burrows & Smith and Peter Burrows for Defendants and Respondents.

LILLIE, J.—Plaintiff minor, then 12½ years of age, sustained cuts and other personal injuries when she collided with a closed glass door while making her exit from a laundromat open to the general public and operated by defendant Edelson. Two years prior to the incident, he had rented the premises from defendant Goldsmith. Negligence in the maintenance of the door was alleged, and damages demanded. A jury returned a verdict in favor of each defendant and against plaintiff; her motion for new trial was subsequently denied. Plaintiff appeals from the judgment entered on the jury verdict.

It must be pointed out, preliminarily, that the sufficiency of the evidence to support the verdict is not challenged; however, a summary of the relevant facts becomes necessary in view of plaintiff's contentions, some three in number, that procedural errors were committed by court and counsel which denied her a fair trial. The accident happened at mid-morning of a day in December. Plaintiff lived in an apartment building three doors from the laundromat which she had patronized, alone and with her mother, on many prior occasions. On the morning in question she left her home to visit a girl friend and stopped at the laundromat, entering by the rear door, to buy candy from one of its vending machines. A short while later, she decided to leave by the front (subject) door. On direct examination she testified, "I thought it was open, so I was walking toward the doorway when I went into the door." (The door had actually never been unlocked after the previous night's operations; although there was no evidence to such effect, plaintiff seems to suggest that it was the fault of a private security patrol employed by Edelson.) On cross-examination, however, she admitted that she had left the premises on other occasions through this same front door when it was closed; she knew also that, in order to be opened, the door had to be pulled inward by means of a handle eight inches long and two to three inches wide, and she conceded that on other occasions she "might" have pulled this handle to open the door. ▮ Certain photographs, defendant's exhibits, additionally show an aluminum stripping (established to be two inches wide) framing or encasing the glass, an automatic

self-closing device and a mail slot, all visible from the inside and furnishing a contrast between glass and the exterior sidewalk. Although testifying that nothing occurred to distract her attention as she approached the exit, plaintiff stated that she was already in motion and taking a step toward the door when she noticed that the doorway was not an open space.

Both defendants have pleaded contributory negligence on plaintiff's part, the circumstances above related clearly warranted an implied finding by the trier of fact that either her account of the accident was inaccurate or she was negligently inattentive. ▮▮ If, as is reasonably inferable from the evidence, the door was plainly visible, the situation is governed by the following principle contained in an instruction approvingly quoted in *Curland* v. *Los Angeles County Fair Assn.,* 118 Cal.App.2d 691, 696 [258 P.2d 1063] : " 'General human experience justifies the inference that when one looks in the direction of an object clearly visible, he sees it. When there is evidence to the effect that one did look, but did not see that which was in plain sight, it follows that either some part of such evidence is untrue or the person was negligently inattentive.' " In several respects, plaintiff's testimony was vague and indefinite; and although allowance should be made for her comparative youth, the jury presumably took this aspect of the case into consideration. The brief of defendant Edelson cites several non-California cases which hold that under substantially similar facts the plaintiff was contributorily negligent as a matter of law; but no good purpose would be served by a discussion thereof in view of the above determination that the verdict is substantially supported.

▮▮ The first of the procedural errors urged by appellant concerns the asserted misconduct of counsel for defendant Edelson in his cross-examination of plaintiff and her physician, Dr. Fujimoto. It has been, and is, defendants' contention that plaintiff did not walk but ran or "charged" into the door without looking where she was going; such contention is made in the pretrial statements and adopted in the pretrial order. She was accordingly asked if she had told her doctor that she was running, and she answered in the negative. Thereupon, counsel read from the doctor's records which contained the following entry: "Patient ran into plate glass door." Apparently of the belief that the quoted entry was warranted by a statement to that effect by the plaintiff, her doctor was called by defendant Edelson as his witness. Dr. Fujimoto thereupon testified, when asked to explain the entry,

that he made such notation in his records after a phone call from the plaintiff's mother at the Central Receiving Hospital: "Well, when I first heard of the accident, I heard from the mother at the Emergency Hospital, and she told me at that time that her daughter . . . That she went through the door, ran through the door. I don't recall exactly what she said. . . ." Questioned further, he stated that the entry was based upon "What her mother told me at the time." It is now contended that defendants were permitted improperly to impeach their own witness in the absence of some showing of legal surprise; counsel's misconduct is said to consist of an examination of the witness which "was obviously improper and reflected the manner in which counsel allowed his desire to win the lawsuit to overcome any knowledge he might have had of ordinary rules of evidence and rules of conduct for attorneys. . . ." There is merit to neither of the above claims. No effort was made by counsel to impeach the witness, since no impeaching questions were asked. To the contrary, he was simply asked to explain the entry above quoted; he answered as shown above. Nor did counsel indicate, by the asking of the usual questions as to time, place and persons present, any intention to impeach the witness. Certainly the above procedure was well within the "Refreshing Recollection" exception discussed in Witkin, California Evidence, section 682. There being nothing improper about the above examination, it follows that there could be no misconduct as urged. (It should further be pointed out that the asserted misconduct has never been challenged as being of a prejudicial nature.)

██ Plaintiff also charges misconduct by counsel for both defendants in making references to this medical entry in their arguments to the jury; the gist of such references, of course, was that plaintiff did not walk but ran into the door. This claim is likewise without merit, if only because counsel failed to make any objection until the arguments had been concluded. ██ "Generally a claim of misconduct is entitled to no consideration on appeal unless the record shows a timely and proper objection and a request that the jury be admonished. . . . In the absence of a timely objection the offended party is deemed to have waived the claim of error through his participation in the atmosphere which produced the claim of prejudice." (*Horn* v. *Atchison T. & S. F. Ry. Co.*, 61 Cal.2d 602, 610 [39 Cal.Rptr. 721, 394 P.2d 561].) ██ However, it further appears that similar references to the medical entry

were made by counsel for plaintiff in his argument which preceded that of his opponents. Surely it cannot be validly urged that due process permits one litigant to argue to the jury an evidentiary item favorable to his or her side, and at the same time denies the other litigant the right thereafter to allude to evidence contrary to such item. The existence of contrary evidence has heretofore been demonstrated.

Equally opposed to the accepted concept of due process is the next point urged by plaintiff. Since there was in force at the time of the accident a certain city ordinance, section 91.3303(e) which provided, in part, that "Plate glass doors shall have a center bar or sufficient decorations to make the door plainly visible," it was plaintiff's theory that in the circumstances of this case there had been a violation of the requirements therein set forth. Her counsel so argued to the jury, the ordinance having been submitted to the panel in the form of an instruction, in view of the admitted fact that the door did not have "a center bar." The above notwithstanding, it is now contended that it was error to admit defendants' "custom" evidence that the ordinance's alternative requirement, the existence of "sufficient decorations," had been complied with. Thus, one witness (a licensed general contractor) testified that the door conformed to standard practices at the time in question and that the handle on the door was a form of decoration; another witness stated that in various nearby districts he had found twenty-four doors of similar construction installed in office buildings, department stores and restaurants. Since defendants never admitted any violation of the ordinance, unlike the situation in *People* v. *Kiss*, 125 Cal.App.2d 138 [269 P.2d 924], upon which plaintiff relies, the above evidence was admissible to show that they had complied therewith. A similar problem was thus resolved in *Buratti* v. *Phetteplace*, 196 Cal.App.2d 303 [16 Cal.Rptr. 500] : "Defendant asserts in effect that, at the trial, he was not attempting to explain a failure to comply with safety orders stated in section 1645, but that he was showing that he complied with such orders. . . . Evidence as to custom in the business of constructing scaffolds was some evidence as to what method or design of constructing parts of a scaffold provided a degree of strength, rigidity and safety equivalent to the described scaffold. The court did not err in receiving the evidence as to custom." (P. 308.) In view of the above determination, there is no merit to the subsidiary claim that it was misconduct for counsel representing defendant Edelson to

refer to the evidence hereinabove set forth; particularly is this so because, as in the instance of the previous point, plaintiff's counsel had himself alluded to the subject evidence in his opening argument.

■ As her final contention, plaintiff advances the claim that it was error for the court to refuse a requested instruction that the omission of the private security patrol to unlock the door was imputable to defendant Edelson. Although, as it should have been, the language of the instruction is not made a part of the record and accordingly it might well be presumed on appeal that the instruction was actually given (*Kabzenell* v. *Stevens*, 168 Cal.App.2d 370, 375-376 [336 P.2d 250]),[1] we find no evidence, substantial or otherwise, which would have authorized its submission to the jury. ■ ''Even though an instruction is couched in proper language it is improper, if it finds no support in the evidence. . . .'' (*Davenport* v. *Stratton*, 24 Cal.2d 232, 254 [149 P.2d 4].) Furthermore, in light of plaintiff's recital of her actions prior to the accident, her attempt to effect an exit from the laundromat would probably have resulted in injury even if the door had been unlocked. (See *Maidman* v. *Metropolitan Trading Co.*, 166 Cal.App.2d 205, 209 [332 P.2d 807].)

The judgment is affirmed.

Wood, P. J., and Fourt, J., concurred.

A petition for a rehearing was denied July 11, 1967.

---

[1] Plaintiff's brief is likewise deficient in that it fails, except for isolated instances, to make appropriate references to the record in its statement of facts (rule 15, Cal. Rules of Court).