Wesley E. BRYAN, Respondent,

v.

James E. SCHAFFNER, Director of Revenue,
and H. J. Turnbull, Supervisor
of Revenue, Appellants.

No. 55167.

Supreme Court of Missouri,
Division No. 2.

Sept. 13, 1971.

William F. Milligan, David Waldman, Kansas City, for respondent.

John C. Danforth, Atty. Gen., Walter W. Nowotny, Jr., Asst. Atty. Gen., Jefferson City, for appellants.

MORGAN, Judge.

This case involves the statutory "point system" for driving offenses as provided in Sections 302.302 to 302.340, inclusive, RSMo 1969, V.A.M.S. The director of revenue issued a ninety day suspension of respondent's driving privilege which was set aside by the judgment of the trial court. The director has appealed.

Although respondent has not filed a formal motion to dismiss the appeal, he has in his brief challenged the jurisdiction of this court. Argument is made that Section 302.311 directs the prosecuting attorney to represent the director in such proceedings, and that such officer did not file the appeal in this case and that the appeal is thus defective. We note, as shown by the record, that the attorney general is acting now as counsel for the director. We

need not fully explore the extent of the burden placed on prosecuting attorneys by Section 302.311, but only determine if the director can make the decision to appeal and if the attorney general can act as counsel for him. The answer to each question is clear. The director is a state officer and is a party to this action. McIntyre v. David, Mo., 431 S.W.2d 216, 218. As a litigant, it is his decision as to whether or not he should appeal, and he is not barred by a decision of the prosecuting attorney that there is no merit in his cause. While so acting, he is representing the interests of the state, and the attorney general, by virtue of Section 27.060, may appear "in any proceeding or tribunal in which the state's interests are involved." The challenge to the jurisdiction of this court is denied.

As to the merits of the case, we first note respondent's driving record, to wit:

| Date | Action | Points |
|------|--------|--------|
| 7/13/65 | Conviction | 2.0 |
| 7/13/65 | Conviction | 6.0 |
| 4/20/66 | Suspension | 8.0 |
| 11/15/66 | Reinstated | 6.0 |
| 7/7/67 | Conviction | 2.0 |
| 9/20/67 | Suspension | 8.0 |
| 11/20/67 | Reinstated | 6.0 |
| 9/4/68 | Conviction | 2.0 |
| 2/19/69 | Conviction | 2.0 |
| 5/28/69 | Suspension in issue | |

There is only one question at issue. Are the six (6) points set opposite the date of 11/20/67 to be counted as of that date?

For the answer, we must interpret the meaning of Section 302.304, which, in part, provides:

"The director shall:

"(2) Suspend the operating privileges of any person whose driving record shows he had obtained or accumulated eight points in eighteen months. The time of suspension shall not be less than thirty days nor more than ninety days.

"(3) Revoke the operating privileges of any person when his driving record shows he has obtained or accumulated

twelve points in twelve months or eighteen points in twenty-four months or twenty-four points in thirty-six months.

"(4) Upon issuing a reinstated operator's or chauffeur's license, *reduce the accumulated point value to six points.*" (Emphasis added.)

Respondent argues that paragraph (4) is not applicable to paragraph (2), which provides for *suspension* of a license, but is only applicable to paragraph (3), which provides for *revocation* of a license. Since the grammatical structure of the statute, relative to the syntax thereof, does not tend to sustain respondent's position, we look to the arguments made. First, respondent calls attention to those portions of Section 302.309, which provide: "1. Whenever any operator's or chauffeur's license is *suspended* * * * the director of revenue shall return the license * * * upon the termination of the period of suspension * * * 2. Any operator or chauffeur whose license is *revoked* under these sections, upon the termination of the period of revocation, shall apply for a new license * * *." (Emphasis added.) As shown, after a suspension the original license is returned to the licensee, but after revocation the would-be-driver must apply for a new license. Respondent, then, argues: "It seems too obvious for argument that paragraph (4) of Section 302.-304 must apply only to revoked licenses because it expressly refers to instances of 'issuing' a license. By the most strained interpretation, it cannot be said that returning the same license in cases of suspension is 'issuing' a license." To the contrary, appellants submit that the words "issuing a reinstated * * * license," used in paragraph (4) of Section 302.304, more accurately describe the returning of a license after suspension. With this, we must agree because of the word "reinstated." However, it is our opinion that the wording of paragraph (4) in the questioned section applies in both instances, whether the driver is issued his original license or new one. As defined in Web-

ster's Third International Dictionary, the word "reinstate" means: "to instate again: place again * * *: replace in an original or equivalent state * * *" Clearly, a driver is placed in his original or equivalent state—the legal right to operate a motor vehicle—regardless of which license he later obtains.

Second, respondent contends that even though it is found that the accumulated six points, mentioned in paragraph (4) of Section 302.304, apply equally to the return of an original license or a new license, that the six points are to be counted as of the date of the offense or offenses which created such points and not as of the date the suspension is lifted. The significance of which is important insofar as it determines if such points are to be added to points later obtained within the periods specified in the statute. For example, as shown by respondent's point record, if the six (6) points carried forward and dated 11/20/67 do not count as of that date the suspension in question, dated 5/28/69, is improper; because, to find eight (8) points, it would be necessary to add the two (2) of 2/19/69, two (2) of 9/4/68, two (2) of 7/7/67, and at least two (2) of the six (6) assessed 7/13/65. Obviously, with such calculation, the respondent did not obtain eight (8) points in eighteen months prior to the questioned suspension. On the other hand, if the six (6) points carried forward on 11/20/67, when respondent's license had been reinstated after a prior suspension, are counted as of that date the present suspension is proper. Admittedly, the problem posed is not a simple one, and we look to other provisions of the relevant statutes for guidance.

■ Section .302.306 is captioned "Reduction of point value charged after period of safe driving," and provides:

"1. For the first full year of operation without conviction for a moving violation, the total accumulated point value charged against an operator or chauffeur shall be reduced by one-third.

"2. For the second consecutive full year of operation without conviction of a moving violation, the remaining total accumulated point value charged against an operator or chauffeur shall be reduced by one-half.

"3. For the third consecutive full year of operation without conviction for a moving violation, the remaining accumulated point value charged against an operator or chauffeur shall be withdrawn."

As provided in each of the three paragraphs, periods of safe driving call for a percentage reduction of "accumulated point value" then charged against the licensee. We think it significant that reference is made to "accumulated" points. For instance, the first paragraph provides the accumulated total will be reduced by one-third after a conviction-free year of driving. It does not provide that any particular one-third of the points will be removed, but considers all points then accumulated alike. Thus, it appears to have been the statutory scheme that points not only may be "obtained" but also "accumulated." Consistent therewith is paragraph (4) of Section 302.304 which provides that upon reinstatement, after either a suspension or revocation, the accumulated points will be reduced to six (6), and charged against the licensee as of that date. Otherwise, there could not have been any purpose in mentioning the six (6) points, and we do not feel that the legislature intended to enact a meaningless provision. From the statutes as written, we can only conclude that it was the legislative intent to deprive an offending driver, who had accumulated points calling for either suspension or revocation, of the right to operate a motor vehicle for the period designated; and also, that six of the points acquired prior to suspension or revocation be carried forward and reassessed against him as of the date the suspension or revocation is withdrawn.

Further arguments are made that such a two-fold penalty is too severe for a suspended licensee, but as is readily apparent,

such arguments are for legislative consideration.

For the reasons indicated, the judgment is reversed and the cause is remanded with directions to reinstate the director's order of suspension.

All of the Judges concur.