David L. BIERSMITH, Respondent,

v.

James SCHAFFNER, Director of Revenue,
and H. J. Turnbull, Supervisor
of Revenue, Appellants.

No. 55166.

Supreme Court of Missouri,
En Banc.

March 13, 1972.

John A. Biersmith, Kansas City, for respondent.

John C. Danforth, Atty. Gen., Walter W. Nowotny, Jr., Asst. Atty. Gen., Jefferson City, for appellants.

FINCH, Chief Justice.

This case involves a determination of the proper method of computing points under Chapter 302 of the Statutes [1] for the purpose of suspending driving privileges, including a consideration of the length of such suspension and what steps are necessary to reinstatement of driving privileges.

On August 6, 1969, the Director of Revenue suspended respondent's motor vehicle operator's license for a period of ninety days. Respondent appealed to the Circuit Court pursuant to § 302.311, and that court stayed the suspension and issued a show cause order to the director. After a hearing, the Circuit Court entered a permanent injunction against the director and he appealed. We reverse with directions.

The only evidence introduced was respondent's driving record as kept by the Department of Revenue. It disclosed that between May 14, 1963, and August 27, 1964, a period of less than eighteen months, respondent accumulated eight points under the provisions of § 302.302.

1. All statutory references are to RSMo 1969, V.A.M.S., unless otherwise indicated.

Under § 302.304(2), this made mandatory the suspension of his license by the Director of Revenue. Acting pursuant to that duty, the director on September 27, 1964, suspended respondent's license for thirty days. The department's record discloses that the license was reinstated on April 16, 1968, some three and one-half years later. Thereafter, on May 5, 1969, the director assessed two points on each of two convictions. He added these four points to six points which he attributed under the provisions of § 302.304(4) to respondent on April 16, 1968, the date of reinstatement of his driving privileges following the prior suspension. On the basis that respondent then had more than eight points accumulated in an eighteen-months period, the director suspended respondent's driving privileges for a period of ninety days. It is this suspension which is involved on this appeal.

In Bryan v. Schaffner, Mo., 470 S.W.2d 545, we held, contrary to respondent's contention herein, that § 302.304(4) is applicable to suspensions as well as revocations. We need not reconsider that question. Hence, the assessment of six points to respondent at the time of reinstatement on April 16, 1968, is proper unless the fact that more than three years had elapsed between the prior suspension and the reinstatement (whereas the suspension was for only thirty days) alters the situation.[2]

It is true that the suspension on September 27, 1964, was only for thirty days, and the statute under which the suspension was made authorized only a maximum suspension of ninety days. However, § 302.309(1) provides as follows:

"Whenever any operator's or chauffeur's license is suspended under sections 302.302 to 302.309, the director of revenue shall return the license to the operator or chauffeur immediately upon the termination of the period of suspension *and upon compli-*

*ance with the requirements of chapter 303, RSMo.*" (Emphasis supplied.)

Thus, the operator is entitled to his license again at the end of the suspension only "upon compliance with the requirements of chapter 303, RSMo." See also 60 C.J.S. Motor Vehicles § 164.50, p. 933.

Reference to Chapter 303 discloses that § 303.150(2) thereof provides as follows: "Such license and registration shall remain suspended or revoked and shall not at any time thereafter be renewed, nor shall any license be thereafter issued to such person, nor shall any motor vehicle be thereafter registered in the name of such person, until permitted under the motor vehicle laws of this state, and not then unless and until he shall give and thereafter maintain proof of financial responsibility."

When, following termination of the specified period of suspension, an operator complies with § 303.150(2), he is entitled to reinstatement of his driving privileges, but the burden is on the operator to furnish the proof of responsibility required by Chapter 303.

As previously indicated, the director, following the suspension on September 27, 1964, reinstated respondent's driving privileges on April 16, 1968. Respondent offered no evidence to show that he complied with § 303.150(2) prior to that date and that as a result he was entitled to an earlier reinstatement. Therefore, we must assume that the reinstatement on April 16, 1968, was correct. If that be true, then as of that date respondent had six points, and when he accumulated four more on May 5, 1969, further suspension by the director was mandatory.

Accordingly, this case is reversed and remanded for a judgment in accordance with the views herein expressed.

All of the Judges concur.

---

2. Section 302.306 provides for reduction of points after various periods of safe driving, and if the respondent would be entitled to have the suspension lifted sooner, there could be a question of credits under § 302.306.