Thomas E. HOLSTEIN, Respondent,

v.

James E. SCHAFFNER, Director of Revenue,
State of Missouri, Appellant.

No. 56889.

Supreme Court of Missouri,
Division No. 2.

Sept. 10, 1973.

Respondent did not file brief.

John C. Danforth, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Jefferson City, for appellant.

MORGAN, Judge.

This case involves the statutory "point system" for driving offenses as provided in §§ 302.302 to 302.340, inclusive, RSMo 1969, V.A.M.S., at the time the trial court entered judgment on April 5, 1971.[1] The director of revenue, appellant, issued a sixty day suspension of respondent's driving privilege, effective March 3, 1971, which was set aside by the judgment of the trial court. The director has appealed. We reverse and remand.

The only evidence contained in the record on appeal is respondent's driving record, to-wit:

| "Date | Action | Points |
|---|---|---|
| 6–26–65 | Conviction | 2.0 |
| 5–16–66 | Conviction | 2.0 |
| 9–10–66 | Conviction | 2.0 |
| 9–23–66 | Conviction | 3.0 |
| 11–02–66 | Suspension | |
| 2–24–70 | Reinstated | 6.0 |
| 2–01–71 | Conviction | 2.0 |
| 3–03–71 | Suspension in issue | " |

At issue is whether or not the suspension of March 3, 1971, was proper. It was

---

1. § 302.307 was repealed and § 302.304 was amended by Laws 1972, p. ——, S.B. No. 651, § 1, to reduce the number of points carried forward as of the date of reinstatement to four (4), ". . . except that the points of any person serving as a member of the Armed Forces of the United States outside the limits of the United States during a period of suspension or revocation shall be reduced to zero upon the date of the reinstatement or termination of notice. It shall be the responsibility of the serviceman to submit copies of official orders to the Director of Revenue to substantiate such overseas service." From the record presented, we can not determine if respondent can qualify now under § 302.304 as amended.

based on that portion of then § 302.304 which provided that:

"The director shall:

"(2) Suspend the operating privileges of any person whose driving record shows he had obtained or accumulated eight points in eighteen months. The time of suspension shall not be less than thirty days nor more than ninety days."

From the driving record, it appears that respondent had accumulated eight points within eighteen months, if the six (6) points of 2–24–70 and the two (2) points of 2–01–71 were to be charged against him. Since we have not been favored with a brief by respondent and apparently no record was made of the testimony given, we can look only to the memorandum and judgment entered.

We note that there was no challenge to the two points of 2–01–71 but only to the six points of 2–24–70. As to the latter, it is quite evident that the director carried forward six points when respondent's license was reinstated on 2–24–70 after the prior suspension on 11–02–66. This procedure followed the holding in Bryan v. Schaffner, 470 S.W.2d 545, l.c. 547 (Mo.1971), wherein it was said, that: "From the statutes as written, we can only conclude that it was the legislative intent to deprive an offending driver, who had accumulated points calling for either suspension or revocation, of the right to operate a motor vehicle for the period designated; and also, that six of the points acquired prior to suspension or revocation be carried forward and reassessed against him as of the date the suspension or revocation is withdrawn." See § 302.304(4) prior to amendment of 1972.

However, the trial court declared that the six points should not have been carried forward to 2–24–70, because respondent had driven military vehicles during three years of military service without incident between the suspension of 11–02–66 and the reinstatement of 2–24–70. Such credit was bottomed on § 302.306, which is captioned: "Reduction of point value charged after period of safe driving." Paragraph 1 thereof provides: "For the first full year of operation without conviction for a moving violation, the total accumulated point value charged against an operator or chauffeur shall be reduced by one-third." Similar reductions are allowed for conviction free driving for the second and third years thereafter. From all of which, the question arises—could such credits be earned while a license was suspended? We think not.

From a reading of the entire act, the legislative purpose appears obvious. Then § 302.304(4) called for a reinstated license to be burdened with six of the accumulated points, and it was followed immediately by § 302.306 which detailed how such points could be eliminated. The latter section necessarily presupposed the issuance of a reinstated operator's license with an accumulated point total of six. To rule otherwise disregarded the legislative intent, which was implicit in the act, that not only should there be a suspension but also a threat of another suspension after another violation within a year after reinstatement. Such was the fate of respondent.

Consistent with the conclusion reached herein is § 302.200 which provides that any resident or nonresident whose license has been "suspended" or revoked under certain specified sections "shall not operate a motor vehicle in this state under a license . . . issued by any other jurisdiction or otherwise during such suspension . . . until a new license is obtained . . . ." There was nothing in the act in question which indicated a legislative intent to give a would-be operator the benefit of point reduction at a time when such person could not drive legally in this state.

In view of respondent's military service between suspension and reinstatement, it should be noted that the legislature was appreciative of the additional problem creat-

ed. Then § 302.307 provided that (within sixty days) after two years of active military service and an honorable discharge, an operator whose license had been suspended could apply for a new license, and: "2. Upon the successful completion of the examination the director shall issue a new license to the applicant and all accumulated points against the applicant shall be immediately removed so that his record will stand as if he were at this time being first licensed in this state." Failure of the respondent to take advantage of such a procedure, did not justify ignoring the law to reach a similar result.

For the reasons indicated, the judgment is reversed and the cause is remanded with directions to reinstate the director's order of suspension.

HENLEY, P. J., DONNELLY, C. J., and NORMILE, Special Judge, concur.

FINCH, J., not a member of Division when cause was submitted.