HARDWARE MUTUAL CASUALTY COMPANY, a corporation, Respondent,

v.

Hugh E. BEARDEN, III, et al., Appellants,

v.

EXECUTIVE AUTO LEASING COMPANY, a corporation, Third-Party Defendant-Respondent.

No. 59025.

Supreme Court of Missouri, En Banc.

Sept. 8, 1975.

Rehearing Denied Oct. 13, 1975.

F. Douglas O'Leary, Joseph H. Mueller, Moser, Marsalek, Carpenter, Cleary, Jaeckel, Keaney & Brown, St. Louis, for respondents.

Cox, Moffitt & Cox, Dallas W. Cox, Jr., St. Louis, for appellant Heckethorn.

Thurman, Nixon, Smith, Howald, Weber & Bowles, Robert Lee Smith, Hillsboro, for appellants Agers.

Gunn & Gunn by Donald Gunn, Jr., James F. Gunn, Patrick R. Gunn, St. Louis, for defendant-appellant Cleary.

DONNELLY, Judge.

On September 4, 1967, Hugh E. Bearden, III, was the driver of a 1965 Ford Mustang which collided with an automobile driven by Lillian Agers, wife of Albert Agers. The Agers are appellants herein, along with Beverly Cleary and David Heckethorn, passengers in the Bearden vehicle, all of whom obtained judgments against Hugh Bearden, III. Karen Piersal, a third passenger in the Bearden vehicle, is not a party to this appeal.

The automobile which Bearden was driving at the time of the collision was leased from Executive Auto Leasing Company on September 30, 1964, by his father, Hugh E. Bearden, Jr. Plaintiff Hardware Mutual Insurance Company insured the Bearden vehicle under a fleet policy covering automobiles leased by Executive. Hardware Mutual brought this declaratory judgment action to determine whether Hugh Bearden, III, was covered under the policy. Appellants brought Executive into the suit as a third-party defendant.

■ The Circuit Court of St. Louis County held for Hardware Mutual and Executive, finding that Hugh Bearden, III, was not covered by the policy issued by plaintiff to Executive Auto Leasing. The case was appealed to the Missouri Court of Appeals, St. Louis District. After submission, but prior to opinion, that Court transferred the case to this Court on the jurisdictional basis of the constitutionality of § 303.330, RSMo1969. In view of our disposition of the case, we do not reach the constitutional question. However, jurisdiction once acquired is not lost because the appeal may be disposed of on other grounds. *State ex rel. State Highway Commission v. Wiggins,* 454 S.W.2d 899, 902 (Mo. banc 1970).

With respect to the fleet policy involved here, by arrangement between Hardware Mutual and Executive, the insurer charged Executive a fixed premium on each automobile for which Executive agreed to provide coverage. The premium charged by Hardware Mutual did not vary with the number of drivers or their ages. However, Executive screened the applicants for insurance because the fixed charge per vehicle it paid would increase in the following year if Executive's loss experience was poor.

The lease was to run for a period of 24 months at the rate of $108 per month. Twenty dollars of this amount related to insurance coverage. At the end of the initial lease period, the lease was "reprogrammed" on September 30, 1966, for an additional 24 months.

Paragraph 9(b) of the lease provides:

"Lessee shall not permit any of said motor vehicle(s) to be used in violation of any Federal, State and municipal statutes, laws, ordinances, rules or regulations, * * *."

Exclusion 4(V) of the "Rented and Leased Automobile Endorsement" to the Hardware Mutual insurance policy provides that there shall be no coverage:

"Except with respect to the named insured, while the automobile is used or operated in violation of the terms of the rental or lease agreement, applicable thereto."

On January 21, 1966, the operator's license of Hugh Bearden, III, was suspended for 30 days due to an excessive accumulation of points. § 302.304(2), RSMo 1969. Appellants do not contest the validity of this suspension.

Section 302.309(1) provides:

"Whenever any operator's or chauffeur's license is suspended under sections 302.302 to 302.309, the director of revenue shall return the license to the operator or chauffeur immediately upon the termination of the period of suspension *and upon compliance with the requirements of chapter 303, RSMo.*" (Emphasis added.)

■ "Thus, the operator is entitled to his license again at the end of the suspension only 'upon compliance with the requirements of chapter 303, RSMo.'" *Biersmith v. Schaffner,* 477 S.W.2d 121, 122 (Mo. banc

1972). The requirements for reinstatement of driving privileges are found in § 303.-150(2), which provides as follows:

"Such license and registration shall remain suspended or revoked and shall not at any time thereafter be renewed, nor shall any license be thereafter issued to such person, nor shall any motor vehicle be thereafter registered in the name of such person, until permitted under the motor vehicle laws of this state, *and not then unless and until he shall give and thereafter maintain proof of financial responsibility.*" (Emphasis added.)

"When, following termination of the specified period of suspension, an operator complies with § 303.150(2), he is entitled to reinstatement of his driving privileges, *but the burden is on the operator to furnish the proof of responsibility required by Chapter 303.*" (Emphasis added.) *Biersmith v. Schaffner,* supra, at 122.

In order to comply with § 303.150(2), a telephone call was made to Executive by a man who identified himself as Hugh Bearden, Jr. The caller requested Executive to file an S.R. 22 form with the Safety Responsibility Unit showing that his son, Hugh Bearden, III, was covered by liability insurance. Executive refused this request and indicated it did not want Hugh Bearden, III, driving the leased automobile.

A second call to Executive was made by a woman who identified herself as Mrs. Bearden. This discussion concerned a reduction in monthly lease payments if Hugh Bearden, III, was removed from coverage under Executive's fleet policy. Shortly after this conversation Executive received the following note:

"Please remove Hugh E. Bearden, Jr., from our ins. policy as his license was revoked and I am the only one driving at this time. I bought him a 1956 Chev. and he has filed an S.R. Form and has ins. to drive it. Mr. H. E. Bearden, 7538 Hazelcrest, St. Louis, 42, Missouri."

Pursuant to this note, Executive lowered the monthly lease rental by $5.00 to reflect the absence of coverage of Hugh Bearden, III, under the insurance policy.

Hugh Bearden, III's, license was reinstated on March 11, 1966, pursuant to his having demonstrated proof of financial responsibility by obtaining an auto liability insurance policy from Mission Insurance Company covering his use of the 1956 Chevrolet.

The "official lift notice of suspension" gave Hugh Bearden, III, the privilege of driving only the 1956 Chevrolet. The form used by the Department of Revenue lists other extended driving privileges, such as operating non-owned vehicles, which may be given to a person upon reinstatement of his license. However, none of the boxes to the left of any of these other driving privileges were checked with respect to Hugh Bearden, III. The official lift notice also included the following condition:

"ATTENTION:

"THE FUTURE PROOF SECTION OF THE MOTOR VEHICLE SAFETY RESPONSIBILITY LAW PROVIDES THAT A SUBJECT MUST MAINTAIN PROOF OF HIS FINANCIAL RESPONSIBILITY FOR A PERIOD OF THREE YEARS. FAILURE TO DO SO RESULTS IN THE RESUSPENSION OF SUCH PRIVILEGES. THEREFORE, YOU WILL BE REQUIRED TO FILE PROOF OF YOUR FINANCIAL RESPONSIBILITY FOR THE FUTURE WITH THIS UNIT UNTIL  January 21, 1969 ."

Hugh Bearden, III, drove the Chevrolet approximately two months before it quit running and was junked. He then stopped making premium payments on his Mission Insurance Company policy, which was canceled in May, 1966. Upon cancellation, Mission Insurance Company notified the Safety Responsibility Unit of its action. Bearden's license was then resuspended on July 28, 1966, for failure to refile proof of financial responsibility. The notice of resuspension was misaddressed and Hugh Bearden, III,

denies having ever received it. We consider this fact immaterial because the March 11th reinstatement notice provided Hugh Bearden, III, with actual notice of the consequences of his failure to maintain liability insurance.

■ When the Mission policy was canceled for nonpayment of premiums, Hugh Bearden, III, did nothing in the way of furnishing the proof of financial responsibility required by § 303.150(2) and the express conditions of the March 11th lift notice of his suspension. Hugh Bearden, III, contends that even though the Mission policy was canceled, he was still covered by Executive's policy with Hardware Mutual, notwithstanding the fact that Executive had previously refused to file an S.R. 22 form on his behalf, and he never again requested Executive to acknowledge coverage for him. Again, the burden was on Hugh Bearden, III, to maintain *proof* of financial responsibility. *Biersmith v. Schaffner,* supra. There was never any proof filed after the May, 1966, cancellation of the Mission policy. Although we doubt, under the particular facts of this case, that Hugh Bearden, III, was otherwise covered under Executive's policy, we need not and do not decide that question.

We have previously determined that Hugh Bearden, III, was required to maintain liability insurance as a condition of the continuance of his driving privileges. Section 303.330, RSMo 1969, provides that "[a]ny person  *  *  *  whose policy of insurance  *  *  *, when required under this chapter, shall have been canceled or terminated,  *  *  *  shall immediately return his license and registration to the director.  *  *  *."

Hugh Bearden, III, contends that the July, 1966, resuspension was invalid and that § 303.330 is unconstitutional because it does not provide for notice and a hearing prior to suspension of a person's operator's license, citing *Bell v. Burson,* 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971).

We need not, and should not, decide the constitutionality of § 303.330 in this case. The *Bell* case involved the failure to provide a hearing on the issue of fault prior to the suspension of the operator's license of a driver involved in an accident. Here, we are not dealing with a license suspension following an accident, where the issue of fault has not previously been determined by a hearing. We are dealing with a *resuspension* for failure to refile proof of financial responsibility, as required by § 303.150(2) and the March 11, 1966, notice of reinstatement as a *condition* of the continuance of driving privileges in the State of Missouri. This condition was not met by Hugh Bearden, III. Thus, at the time of the collision on September 4, 1967, the operator's license of Hugh Bearden, III, was validly suspended and consequently, he was driving the leased automobile in violation of § 302.-020(1), (2), RSMo 1969, and was subject to prosecution under § 303.370(3), RSMo 1969. The *Bell* holding is not applicable to the facts in the present case because the issue of fault is not involved here. Cf. *State v. Hanson,* 493 S.W.2d 8, 13 (Mo.App.1973).

■ Bearden's operation of the leased vehicle in contravention of state law constitutes a violation of paragraph 9(b) of the lease, supra; and this violation of the lease renders exclusion (V) of the insurance policy, supra, operative so as to exclude coverage in this case.

■ Appellants contend exclusion (V) is inapplicable because Hugh Bearden, Jr. "should be held to be a named insured," as specified in paragraph 7(b) of the lease. This contention is without merit. The exception stated in exclusion (V), if applicable at all to Hugh Bearden, Jr., assuming he is entitled to the status of a named insured, clearly refers to *use* or *operation* by the named insured; and not use or operation by a permittee, or *allowance* of use by the named insured to a permittee. Exclusion (V) does not provide for or contemplate coverage where a *permittee* has used or operated the leased automobile in violation of the terms of the lease agreement.

Accordingly, we hold Hugh E. Bearden, III, was not covered by the Hardware Mutual Policy at the time of the collision. Appellants, as judgment creditors, are similarly foreclosed in that they stand in the shoes of the insured, Hugh Bearden, III, through whom they assert their claims. *Greer v. Zurich Ins. Co.,* 441 S.W.2d 15, 30 (Mo.1969); *Wackerle v. Pacific Employers Insurance Co.,* 219 F.2d 1, 7 (8th Cir. 1955), cert. den. 349 U.S. 955, 75 S.Ct. 884, 99 L.Ed. 1279.

The judgment is affirmed.

All concur.