Tony A. **WRIGHT**, Respondent,

v.

**DIRECTOR OF REVENUE**, State of Missouri, Appellant.

No. WD 46801.

Missouri Court of Appeals, Western District.

Feb. 2, 1993.

William L. Webster, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Jefferson City, for appellant.

in the motion upon which the motion should have been sustained. *Overton v. Tesson,* 355 S.W.2d 909, 913 (Mo.1962).

Charles A. Powell, Jr., Macon, for respondent.

Before SMART, P.J., and SHANGLER and FENNER, JJ.

PER CURIAM.

The Director of Revenue revoked the driving privileges of Tony A. Wright for accumulating twelve points in twelve months pursuant to section 302.304.6, RSMo Supp.1990 (Amended 1991)[1]. After judicial review, the trial court set aside the revocation. The Director now appeals. Wright waived filing an appellate brief.

We reverse and remand.

The following chart summarizes Wright's driving record:

| Date | Action | Points |
|---|---|---|
| 9/29/89 | Speeding Conviction | 3 Points Assessed |
| 10/27/89 | Speeding Conviction | 3 Points Assessed |
| 9/13/90 | Speeding Conviction | 3 Points Assessed |
| 1/18/91 | Suspension | |
| 3/11/91 | Reinstatement | |
| Point reduction | Reduction to 4 points | |
| 7/23/91 | DWI Conviction | 8 Points Assessed |
| 7/23/91 | Revocation in Issue on Appeal | |

Wright's suspension in January, 1991, resulted from accumulating eight points in eighteen months pursuant to section 302.304.2. When Wright's driving privileges were reinstated on March 11, 1991, his accumulated points were reduced to four points by virtue of section 302.304.9.[2] In calculating the points for the July, 1991 revocation, the Director added the four points remaining after the reduction to the eight points assessed for the DWI conviction for a total of twelve points in twelve months. In setting aside the revocation, the trial court accepted Wright's computation, which disregarded the four points remaining after the reduction. According to Wright, he accumulated three points for the September, 1990 speeding conviction plus eight points for the July, 1991 DWI conviction for a total of eleven points in twelve months.

At issue is whether the point reduction upon reinstatement should be included in calculating points for future suspensions or revocations. The plain language of section 302.304.9 resolves the issue in the affirmative:

Any other provision of sections 302.010 to 302.540 to the contrary notwithstanding, the effective date of the four points remaining on the record upon reinstatement or termination shall be the date of the reinstatement or termination notice.

Consequently, the four-point reduction replaces the points assessed before the suspension. The reduction becomes effective on the date of the reinstatement notice. The four points remaining on the record must be considered in imposing a later suspension or revocation. This practice is consistent with case law. In construing predecessor versions of section 302.304.9, our courts have accepted the inclusion of the reduced points that are assessed upon reinstatement in calculating points for subsequent suspensions and revocations. *Hol-*

---

1. All statutory references are to RSMo Supp. 1990. The applicable version of § 302.304 became effective on July 27, 1989. In 1991, § 302.304 was amended twice. Nevertheless, the provisions of § 302.304 cited in this opinion were not substantially affected by those amendments.

2. Section 302.304.9 provides in pertinent part:
   Upon the issuance of a reinstatement or termination notice after a suspension or revocation of any person's license and driving privilege under the provisions of sections 302.010 to 302.540, the accumulated point value shall be reduced to four points. . . .

*stein v. Schaffner*, 498 S.W.2d 560, 561 (Mo.1973); *Bryan v. Schaffner*, 470 S.W.2d 545, 547 (Mo.1971); *Senn v. Director of Revenue*, 674 S.W.2d 43, 46 (Mo.App.1984).

Here, Wright's point reduction became effective on March 12, 1991, the date appearing on his notice of reinstatement. The four points assessed upon reinstatement must be combined with the eight points assessed for the DWI conviction on July 23, 1991. The Director appropriately considered those four points in revoking Wright's driving privileges for accumulating twelve points in twelve months.

In setting aside the revocation, the trial court misapplied the law. We accordingly reverse the judgment, and remand the cause for reinstitution of the revocation of Wright's driving privileges.

All concur.