Travis Allen CREECH,
Petitioner/Respondent,

v.

DIRECTOR OF REVENUE, STATE of
Missouri, Respondent/Appellant.

No. 65652.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 30, 1994.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 19, 1994.

Application to Transfer Denied
Nov. 22, 1994.

Jeremiah W. (Jay) Nixon, Atty. Gen.,
James A. Chenault, III, Sp. Asst. Atty. Gen.,
Mo. Dept. of Revenue, Jefferson City, for
appellant.

Branson L. Wood II, Hannibal, for respondent.

CRAHAN, Judge.

The Director of Revenue ("Director") appeals from a judgment setting aside two revocations of driving privileges imposed upon Travis Allen Creech ("Petitioner") and ordering her to reinstate Petitioner's driving privileges. We reverse and remand with directions.

The case was submitted to the court by stipulation as to the contents of Petitioner's driving record. Insofar as is pertinent to the issues on appeal, the record establishes that in 1991, Petitioner's license was suspended for violation of the "mandatory insurance" law. In December, 1991 and again in August, 1992, Petitioner was convicted of "driving while suspended." Director assessed 12 points and revoked Petitioner's driving privileges for one year upon notification of each conviction.

In July, 1993, while still under revocation, Petitioner was twice convicted of "no operator's license." Upon notification of each conviction, Director assessed two additional points and revoked Petitioner's driving privileges for one year for each offense.

Petitioner timely filed a petition for review of both of these revocations, claiming they violated his right to due process of law. Alternatively, Petitioner sought an order granting him hardship driving privileges.

The trial court found that Director had no statutory authority to revoke Petitioner's driving privileges based on either of the July convictions and point assessments. Rather, the court found that Petitioner should have been suspended for ninety days, which suspension had already been served. Accordingly, the court ordered Director to set aside the revocation and reinstate Petitioner's driving privileges.

Our review is governed by the principles enunciated in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). The judgment will be affirmed unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Id.* at 32.

On appeal, Director maintains the trial court erroneously applied the law in that Petitioner's license was properly revoked pursuant to § 302.304.6 RSMo Cum.Supp. 1993,[1] which provides, in pertinent part:

6. The director shall revoke the license and driving privileges of any person when his driving record shows he has accumulated twelve points in twelve months or eighteen points in twenty-four months or twenty-four points in thirty-six months. The revocation period of any person whose license and driving privilege has been revoked under the provisions of sections 302.010 to 302.540 and who has filed proof of financial responsibility with the bureau of safety responsibility ... and is otherwise eligible, shall be terminated by a notice from the director of revenue after one year from the effective date of the revocation. ...

■ According to Director, revocation was proper upon notification of each of the "no operator's license" convictions because the assessment of two points for each conviction, when added to the 12 points assessed for each of the "driving while suspended" convictions and remaining on Petitioner's driving record, constituted an accumulation of (1) more than twelve points in one year; (2) more than eighteen points in two years; and (3) more than twenty-four points in three years. We agree.

According to Black's Law Dictionary (6th Ed.1990), an "accumulation" is an "increase by continuous or repeated additions." Such definition fully comports with the statutory scheme set forth in § 302.304. Upon each new assessment of points, Director is required to add the new points assessed to any

points assessed in the one, two and three year periods set forth in § 302.304.6 to determine whether the driver has accumulated the specified totals for any or all of the periods. If the accumulated total meets or exceeds the specified amount of one or more of the periods, the license must be revoked.

In this case, the two points assessed for the first "no operator's license" conviction, when added to the twelve points assessed for the second "driving while suspended" conviction less than twelve months previously, constituted an accumulation of 14 points in twelve months. Further, when added to the 12 points assessed for the first "driving while suspended" conviction less than two years previously, the total of 26 points exceeded the specified totals for both the previous twenty-four months and thirty-six months specified in § 302.304.6. Likewise, the assessment of two points for the second "no operator's license" conviction, added to the points previously accumulated, resulted in an accumulation of 16 points in 12 months and 28 points in less than twenty-four months, again satisfying the statutory threshold for revocation. Thus, Director properly revoked Petitioner's license upon being notified of each "no operator's license" conviction.

■ Petitioner's argument that only a "new" accumulation of points can trigger a loss of driving privileges is directly refuted by §§ 302.304.9 and .10, which provide in pertinent part:

9. Upon the issuance of a reinstatement or termination notice after a suspension or revocation of any person's license and driving privilege under the provisions of sections 302.010 to 302.540, the accumulated point value shall be reduced to four points. ... Any other provision of sections 302.010 to 302.540 to the contrary notwithstanding, the effective date of the four points remaining on the record upon reinstatement or termination shall be the date of the reinstatement or termination notice.[2]

1. All statutory references are to RSMo Cum. Supp.1993 unless otherwise noted.

2. As Director correctly points out in her brief, Petitioner was not eligible for the point reduction

provided in § 302.304.9 because his license was never reinstated following the initial suspension for violating the "mandatory insurance" law. This is because Petitioner incurred new revocations prior to the expiration of the suspension

10. No credit toward reduction of points shall be given during periods of suspension or revocation or any period of driving under a hardship driving privilege granted by a court.

If the accumulated point total is to be *reduced* to four upon reinstatement and no credit toward reduction of points can be given during a period of revocation, it follows that the accumulated point value which triggered the revocation necessarily remains on the driving record until reinstatement. Such accumulated point value must be added to any points assessed during the revocation to determine whether the driver is subject to additional revocations for the new offenses. Any other construction would render the entire concept of revocation meaningless. Drivers under revocation would be treated exactly the same as licensed drivers for violations which occurred when they were not entitled to be operating a vehicle in the first place. Thus, there would be no incentive to abide by Director's revocation orders. *See Bryan v. Schaffner*, 470 S.W.2d 545, 547 (Mo.1971) (purpose of point system is to deprive driver accumulating sufficient points of the right to operate motor vehicle for the period designated).

Contrary to Petitioner's contention, there is nothing "absurd" about the fact that the assessment of a single additional point during a period of revocation could trigger another revocation. By definition, a driver incurring additional points during a period of revocation has failed to abide by the Director's denial of his right to operate an automobile.[3] The potential sanction of triggering an additional full year of revocation if apprehended for a violation serves as a deterrent to violation of the revocation order. *See Holstein v. Schaffner*, 498 S.W.2d 560, 561 (Mo.1973) (noting that purpose of new point assessment [such as now provided in § 302.304.9] is to threaten another revocation after another violation).

The trial court did not explain the basis for its conclusion that Petitioner was subject to a ninety day suspension rather than revocation. Director suggests that the court erroneously concluded that Petitioner was eligible for the reduction and reassessment of points incident to reinstatement as provided in § 302.309.9, *supra.* Coupled with the four points assessed for the July convictions, a four point reassessment incident to reinstatement would yield a total of eight points, triggering suspension pursuant to § 302.304.2. However, as explained in note 2, *supra*, Petitioner was not eligible for reinstatement at the time of his July convictions and § 302.304.9 is inapplicable.

Based on the foregoing we find that the judgment of the trial court erroneously declared and applied the law and that Petitioner's license was properly revoked pursuant to § 302.304.6. Accordingly, we reverse the judgment and remand with directions to reinstate the revocations of Petitioner's driving privileges. Because the trial court made no determination with respect to Petitioner's alternative request for hardship driving privileges, Petitioner's eligibility and suitability for such relief should also be addressed on remand.

GARY M. GAERTNER, C.J., and CRANE, J., concur.

and prior to the expiration of the first revocation and thus was not "otherwise eligible" for reinstatement as provided in § 302.304.6.

3. This assumes the driver has not obtained an order granting hardship driving privileges. As for a driver with hardship privileges, a new assessment of points resulting in a new revocation would, at a minimum, require the driver to seek a new order from the court and thus bring to the court's attention the driver's failure to abide by the traffic laws as required by the prior hardship order.