Leonard Steven **KLINGER**, Respondent,

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI**, Appellant.

No. 66953.

Missouri Court of Appeals,
Eastern District,
Division One.

May 23, 1995.

Jeremiah W. (Jay) Nixon, Atty. Gen., Rodney P. Massman, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Neil F. Sullivan, Clayton, for respondent.

CRAHAN, Judge.

The Director of Revenue ("Director") appeals from the trial court's judgment reinstating the driving privileges of Leonard Steven Klinger ("Petitioner") after they had been suspended pursuant to § 302.304.2 RSMo. Supp.1993.[1] We affirm.

Over a period of 18 months, Petitioner was convicted for three moving violations. On September 6, 1992, he was convicted for speeding and was assessed three points. On January 6, 1993, he was convicted for speeding and was assessed three additional points. On January 27, 1994, he was again convicted for speeding and was assessed three points. In April 1994, the Director notified Petitioner that pursuant to § 302.304.2 his driving privileges were suspended for accumulating nine points in an eighteen-month period.

Petitioner sought review of the Director's decision in the Circuit Court of St. Louis County. He presented evidence that more than one year elapsed between his second and third speeding convictions, entitling him to a one-third reduction in his total accumulated points under § 302.306.1. At the time, he had a total accumulation of six points. A reduction, therefore, would have dropped his total points to four. His third conviction carried a three-point assessment, which would have increased his total points to seven. Petitioner thus argues he never accumulated eight points in an eighteen-month period which mandates suspension of an operator's license and driving privileges under § 302.304.2. The court found in favor of Petitioner and ordered that his driving privileges be reinstated under § 302.306.1. This appeal followed.

Our review is governed by the principles set forth in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). The judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence or it erroneously declares or applies the law. *Id.* at 32.

---

1. Unless otherwise noted, all statutory references hereafter will be to Revised Statutes of Missouri

1993 Supplement.

In Director's sole point, she contends the trial court erred in setting aside the suspension of Petitioner's driving privileges based on § 302.306.1 because the court misinterpreted the statute.[2]

Section 302.304.2 provides that the Director "shall suspend the license and driving privileges of any person whose driving record shows he has accumulated eight points in eighteen months." Section 302.306.1 provides that "[f]or the first full year of operation without conviction for a moving violation, the total accumulated point value charged against an operator shall be reduced by one-third."

Director argues that § 302.304.2 supersedes § 302.306.1 when both provisions independently apply to an operator's driving record. Citing *Buttrick v. Director of Revenue,* 804 S.W.2d 19 (Mo.banc 1991), and *Creech v. Director of Revenue,* 886 S.W.2d 111 (Mo. App.1994), Director contends that the assessment of points, not the conviction for a moving violation, determines whether an operator's license and driving privileges should be suspended. Therefore, because Petitioner was assessed a total of nine points over eighteen months, the Director argues she had no discretion but to suspend his driving privileges.

Director's reliance on *Buttrick* and *Creech* is misplaced. Both cases support Director's contention that the dates of the assessment of points against an operator are critical to determining whether such an operator's license should be suspended or revoked under § 302.304. *Buttrick,* 804 S.W.2d at 19–20; *Creech,* 886 S.W.2d at 112. However, neither case involved the reduction of points under § 302.306. Therefore, neither case assists in interpreting that provision's interplay with § 302.304.

Section 302.306.1 provides that the dates of convictions for moving violations determines whether an operator is entitled to a reduction in points. Furthermore, § 302.304.7 specifically addresses any conflict between § 302.306.1 and § 302.304:

If, prior to conviction for an offense that would require suspension or revocation of a person's license under the provisions of this section, his total points accumulated are reduced, pursuant to the provisions of section 302.306, below the number of points required for suspension or revocation pursuant to the provisions of this section, then the person's license shall not be suspended or revoked until the necessary points are again obtained and accumulated.

The provision plainly provides that if an operator qualifies for a point reduction under § 302.306 the Director must credit the operator with the reduction from his total accumulated points. The operator's license may not be suspended or revoked until he has accumulated the requisite points *after* receiving credit for the earned reduction.

The record establishes that § 302.304.7 applies directly to the present case. Without a point reduction, petitioner's third conviction would have increased his total point accumulation to nine, mandating the Director to suspend his license under § 302.304.2. However, prior to this conviction, petitioner qualified for a point reduction under § 302.306.1 because he operated his motor vehicle for one year without a conviction for a moving violation. At the time, his total point accumulation was six. The one-third reduction under § 302.306.1 dropped his point accumulation to four, and the three-point assessment for his third conviction increased his point accumulation to seven. The Director, therefore, improperly suspended Petitioner's license. After he qualified for a point reduc-

**2.** Director further argues that the trial court erred in granting Petitioner relief under § 302.306.1. Director contends that the issue of the application of that provision to Petitioner's driving record was not raised in his petition and thus was not properly before the court. The record, however, indicates that Petitioner presented evidence on the issue without objection from Director. "Failure to timely and specifically object to evidence beyond the scope of the pleadings constitutes consent for determination of issues thereby raised." *Schaffer v. Haynes,* 847 S.W.2d 814, 818 (Mo.App.1992). In neither *Pointer v. Director of Revenue,* 891 S.W.2d 876 (Mo.App.1995), which Director cites in support of her point, nor in *Stallman v. Director of Revenue,* 816 S.W.2d 6 (Mo.App.1991), and *Cillo v. Director of Revenue,* 782 S.W.2d 81 (Mo.App. 1989), which the court in *Pointer* cites, does it appear that the issue upon which the trial court granted relief had been tried by consent.

151

tion, Petitioner never obtained and accumulated the requisite points for suspension under § 302.304.2. Point denied.

Judgment affirmed.

REINHARD, P.J., and GARY M. GAERTNER, JJ., concur.